Sims Brothers Construction Co., Inc., ("Sims Brothers") was the general contractor constructing a shopping center near Anniston, Alabama. Albert Heath was employed as a sheetrock finisher by Bonners Acoustical Contractors, a subcontractor engaged by Sims Brothers to perform sheet-rock work on the project. On July 2, 1984, Heath was working on a scaffold six feet above a concrete floor. In the area where he was working, there were holes in the floor where plumbing and refrigeration fixtures were to be placed. The scaffold upon which he was working was equipped with wheels so that it could be moved from place to place. Each wheel had a locking device that would prevent or minimize rolling when in place. Heath had locked two alternate wheels, as was his custom when working on this type of scaffold. While Heath was working, the scaffold shifted and one wheel apparently fell into an open hole, causing him to fall to the floor.
Heath brought this action against Sims Brothers because of injuries sustained as a result of his fall. The trial court granted summary judgment in favor of Sims Brothers.
Heath contends that the general contractor owed a duty to the employees of the subcontractor to exercise reasonable care to keep the premises of the job site in a reasonably safe condition. He argues that Sims Brothers' failure to provide covers for the holes in the floor was a breach of this duty. Heath also contends that his awareness of the danger of falling into one of the holes does not prove contributory negligence or assumption of the risk as a matter of law.
The issue in the case is whether Sims Brothers met its duty to provide Heath with a reasonably safe place to work as a matter of law.
As invitor, Sims Brothers, the general contractor, was under a duty to have the premises free from danger, or if they were dangerous, to give its invitee, Heath, sufficient warning to enable him, through the exercise of reasonable care, to avoid the danger. This duty includes the duty to warn the invitee of danger of which the invitor knows or ought to know, and of which the invitee does not know. Secrist v. Mark IVConstructors, Inc., 472 So.2d 1015 (Ala. 1985); SouthernMinerals Co. v. Barrett, 281 Ala. 76, 199 So.2d 87 (1967);McLeod v. McBro Construction Co., 525 So.2d 1353 (Ala. 1988).
A general contractor is not responsible to a subcontractor for injury from defects or dangers which the subcontractor knows of, or ought to know of. "If the defect or danger is hidden and known to the owner, and neither known to the [sub]contractor, nor such as he ought to know, it is the duty of the owner [general contractor] to warn the [sub]contractor and if he does not do this, of course, he is liable for resultant injury." Veal v. Phillips, 285 Ala. 655, 657-58,235 So.2d 799, 802 (1970).
The duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. All ordinary risks present are assumed by the invitee, and the general contractor or owner is under no duty to alter the premises so as to obviate known and obvious dangers. The general contractor is not liable to an invitee for an injury resulting from a danger that was obvious or that should have been observed in the exercise of reasonable care. Beck v. OlinCo., 437 So.2d 1236 (Ala. 1983); Quillen v. Quillen,388 So.2d 985 (Ala. 1980). The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. Secrist, supra; Gray v. Mobile GreyhoundPark, Ltd., 370 So.2d 1384 (Ala. 1979). If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable. Secrist, supra.
Based on the evidence before the trial court, we conclude that the dangerous *Page 996 
condition of the floor and the need for hole coverings was at least as well known to Heath as it was to Sims Brothers. Heath admitted that he was aware of the danger presented by the holes in the floor. If, therefore, the holes constituted a dangerous condition, under the facts of this case it was an open and obvious danger that the plaintiff should have recognized, and that, by his own admission, he did recognize. Under these facts, the general contractor cannot be held liable for the injuries plaintiff sustained when he fell from the scaffold.
Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.