It appears to me that Banks knew about the danger and that the dangerous condition was readily apparent. Banks was engaged to remove the rotten boards in the stairway. His deposition shows that, prior to doing so, he did and observed the following:
 "Q. Do you remember seeing any place that looked like they were rough or unpainted or perhaps rotten on the bottom side of the boards on the landing?
 "A. I'm sure they were bound to look a little bit rough under there. I don't remember how bad. You know. The whole thing, really, looked a little rough to me.
 "Q. Did it look like the whole thing needed to be replaced to you?
"A. Most of it anyway.
"Q. Including the landing?
"A. Maybe part of the landing.
". . . .
 "Q. Did you go up under there and look at any of them on the third set?
"A. I think I walked back under there, yes, sir.
 "Q. Tell me what you remember seeing when you walked up there and looked at the third set of steps.
 "A. Well, I just seen some boards that looked rotten. Some of them was." (Emphasis added.)
Nevertheless, Banks went up to the landing on the "third set of steps," and began trying to knock loose the rotten boards. The boards came loose, causing the stairway landing to collapse, injuring Banks. I do not think that the trial court erred in entering summary judgment on this issue. Heath v. SimsBrothers Construction Co., 529 So.2d 994 (Ala. 1988).
I concur as to the other aspects of the opinion.