Michael Shane Breeden, an employee of M A Electric Company, sued Hardy Corporation and Dunn Construction Company for injuries he received in a fall on July 28, 1986, during construction of the Riverchase Galleria ("Galleria") shopping complex in Hoover, Alabama. Breeden alleges that Hardy Corporation and Dunn Construction negligently created an unsafe working condition on the Galleria jobsite. Breeden appeals from the summary judgment in favor of both Hardy Corporation and Dunn Construction. The issue before us is whether the evidence conclusively showed that Breeden knew of and appreciated a dangerous condition so as to give rise to the "open and obvious danger" defense. We believe that whether the plaintiff was aware of a dangerous condition on the premises is a question of fact for the jury to determine. Such questions of contributory negligence are generally jury questions.
Dunn Construction was the general contractor for the Galleria project, and Hardy Corporation was the subcontractor responsible for duct work. On the day of his accident, Breeden and another M A Electric employee were installing junction boxes on the second floor of Macy's department *Page 160 
store. Breeden would mark on the floor directly below the spot on the ceiling where the junction box was to be placed and then would position the scaffold on that mark for his coworker to install the junction box.
In the area where Breeden was working, there were four holes for the sheetmetal duct work to be installed by Hardy Corporation for the heating, ventilation, and air conditioning ("HVAC") systems. These holes were normally barricaded with wooden studs and cable; however, on July 27, the day before the accident, Hardy Corporation workers removed the barricade from one of the HVAC holes in order to use a duct jack in the opening but did not replace the barricade. While moving the scaffold the next day, Breeden stepped back several feet and fell through the unguarded hole.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. In a negligence case, such as this one, summary judgment is rarely proper. In negligence actions, there are almost always questions to be decided by the fact-finder. Hilburn v. Shirley,437 So.2d 1252 (Ala. 1983).
The defendants, Hardy Corporation and Dunn Construction, rely heavily on the case of Heath v. Sims Bros. Constr. Co.,529 So.2d 994 (Ala. 1988), to support their claim that summary judgment is proper in this case. In Heath, also a case in which an employee of a subcontractor sued the general contractor for injuries received as a result of the general contractor's allegedly negligent maintenance of the workplace, this Court stated:
 "As invitor, . . . the general contractor, was under a duty to have the premises free from danger, or if they were dangerous, to give its invitee [the employee of the subcontractor], sufficient warning to enable him, through the exercise of reasonable care, to avoid the danger. This duty includes the duty to warn the invitee of danger of which the invitor knows or ought to know, and of which the invitee does not know. Secrist v. Mark IV Constructors, Inc., 472 So.2d 1015 (Ala. 1985); Southern Minerals Co. v. Barrett, 281 Ala. 76, 199 So.2d 87 (1967); McLeod v. McBro Construction Co., 525 So.2d 1353 (Ala. 1988).
 "A general contractor is not responsible to a subcontractor for injury from defects or dangers which the subcontractor knows of, or ought to know of. 'If the defect or danger is hidden and known to the owner, and neither known to the [sub]contractor, nor such as he ought to know, it is the duty of the owner [general contractor] to warn the [sub]contractor and if he does not do this, of course, he is liable for resultant injury.' Veal v. Phillips, 285 Ala. 655, 657-58, 235 So.2d 799, 802 (1970).
 "The duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. All ordinary risks present are assumed by the invitee, and the general contractor or owner is under no duty to alter the premises so as to [alleviate] known and obvious dangers. The general contractor is not liable to an invitee for an injury resulting from a danger that was obvious or that should have been observed in the exercise of reasonable care. Beck v. Olin Co., 437 So.2d 1236 (Ala. 1983); Quillen v. Quillen, 388 So.2d 985 (Ala. 1980). The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. Secrist, supra; Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384
(Ala. 1979). If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable. Secrist, supra."
529 So.2d at 995.
It is clear from this passage that the general contractor has a duty of care with regard to the safety of employees of subcontractors who are present at the jobsite. However, this duty is not unlimited. A plaintiff may not recover if the injury he receives is caused by an obvious or known defect in the premises. The questions of the openness and obviousness of a defect *Page 161 
or danger and of the plaintiff's knowledge of such conditions are not properly considered matters of law for summary judgment. Bogue v. R M Grocery, 553 So.2d 545 (Ala. 1989).
In Bogue, supra, a negligence case involving a slip and fall, we stated:
 "Once it has been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury. This is such a case. There are any number of factual issues for a jury in this case, as there usually are in negligence cases. As the Court noted in Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968):
 " 'There are many factual matters that are involved in cases such as this — as examples: How old was the plaintiff? Her general health at the time of the accident? How much did she weigh? Was she wearing high or low heels? Was she under medication at the time that could have caused her to lose her equilibrium? Did she wear glasses? Bifocals? How long since they were changed or corrected? What was the condition of the floor as to color? Was it a slippery floor, or did it have a non-slippery surface? Countless other matters are important and usually present in such a case as this. All of such, however, are factual and for the jury to consider in each case, after proper instructions from the court.' "
"282 Ala. at 482, 213 So.2d at 215-16."
553 So.2d at 547-48. See also, Terry v. Life Ins. Co. ofGeorgia, 551 So.2d 385 (Ala. 1989).
We believe that there are questions of fact to be resolved in this case. Breeden's deposition testimony shows that at all times up until the day before his fall the HVAC holes were barricaded with studs and cable except when someone was working through those holes. Breeden said he had seen no one working through those holes until the day before his fall. Moreover, Breeden stated that he had not noticed before his accident whether the barricade was up on the day of the accident. As was true in Bogue, there are "any number of factual issues for a jury in this case, as there usually are in negligence cases." Questions such as the plaintiff's awareness of the defect in a given case are normally questions for the jury. Id.
The summary judgment in favor of Hardy Corporation and Dunn Construction is due to be, and it hereby is, reversed.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS and KENNEDY, JJ., concur.
ALMON, J., concurs in the result.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.