Although the majority holds that the issue of Breeden's contributory negligence is a jury question, the facts of this case clearly support the summary judgment in favor of Hardy Corporation and Dunn Construction Company. As the majority opinion acknowledges, "on July 27, the day before the accident, Hardy Corporation workers removed the barricade from one of the HVAC holes in order to use a duct jack in the opening but didnot replace the barricade." (Emphasis added.)
The majority also concedes that a plaintiff may not recover if the injury is caused by an obvious or known defect in the premises. Breeden's deposition testimony indicates that this case is like Heath v. Sims Bros. Constr. Co., 529 So.2d 994
(Ala. 1988), and that the dangerous condition that the unguarded hole presented was at least as well known to Breeden as it was to Hardy Corporation:
 "Q. Now, tell me, between June the 8th and July 28th, whether you noticed any of those barricades missing?
 "A. Not unless someone was working through them. And the only time I saw that was the day before and the day that I fell. *Page 162 
". . . .
 "Q. Let me make sure I understand. First off, this — what you're talking about is on July the 27th, 1986, and —
"A. Yes, sir.
"Q. . . . [T]his accident happened on the 28th?
"A. Yes, sir.
 "Q. And what you're saying is that somebody had — had they torn down the whole barricade and removed it all the way?
"A. Yes, sir.
 "Q. So there was no barricade around this particular hole?
"A. No, sir."
Heath, which was also a summary judgment case, is squarely on point with the facts of this case and, notwithstanding the majority's attempt to distinguish it from the present situation, it is direct authority for entering this summary judgment. Presented with facts virtually identical to the facts in this case, this Court held in Heath that "[i]f . . . the holes constituted a dangerous condition, . . . it was an open and obvious danger that the plaintiff should have recognized, and that, by his own admission, he did recognize. . . . [T]he general contractor cannot be held liable for the injuries plaintiff sustained when he fell from the scaffold." 529 So.2d at 996. Likewise, Hardy Corporation and Dunn Construction Company should not be held liable for a dangerous condition that Breeden has admitted he was aware of.
In my opinion, the majority's reliance on Bogue v. R MGrocery, 553 So.2d 545 (Ala. 1989), and Terry v. Life Ins. Co.of Georgia, 551 So.2d 385 (Ala. 1989), to the exclusion ofHeath, supra, is misplaced, and for these reasons, I must respectfully dissent.
MADDOX and HOUSTON, JJ., concur.