The plaintiffs, Samuel L. Bean III, his wife Leigh Ann, and their son Luke, appeal from a partial summary judgment entered in favor of BIC Corporation and other defendants in a wrongful death and products liability action.
The facts that formed the basis for this action were as follows: During the early *Page 1351 
morning hours of February 26, 1988, a fire swept through the residence of Samuel ("Sam") L. Bean III and his family. The plaintiffs allege that the fire was started by Sam and Leigh Ann's four-year-old daughter, Kristi, and their five-year-old son, Luke, who were playing with a butane lighter manufactured by BIC. The fire destroyed the Bean home and took the life of Kristi Bean.
The action was brought by Sam and Leigh Ann, individually and as personal representatives of the estate of Kristi, and by Luke, by and through Sam as his next friend. The complaint alleged that the lighter was defective and unreasonably dangerous, that it was negligently and wantonly designed, and that it was not accompanied by adequate warnings. The complaint was filed on April 25, 1989, against BIC, Societe Bic, S.A. (the French parent corporation of BIC), and Food World, Inc. (the retail distributor of the lighter). The complaint contained three counts: count I asserted a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"); count II asserted claims based on an alleged negligent and wanton design and an alleged negligent and wanton failure to warn; count III asserted a claim based on an alleged breach of warranty. Along with the summons and complaint, the Beans served BIC with interrogatories, a request for production of documents, a deposition notice, and document requests.
BIC objected to most of the Beans' discovery. In July 1989, the Beans filed a motion to compel. At a hearing in August 1989, the trial court orally granted part of the Beans' motion. No written order was entered. BIC failed or refused to comply with the trial court's oral instructions. The Beans then filed a motion for entry of a default judgment. BIC then partially responded. The Beans allege that they had no further responses from BIC. This prompted the Beans to file a second motion to compel BIC to respond to discovery. The trial court did not rule on that motion.
BIC moved for a partial summary judgment on May 7, 1990. Its motion sought a judgment in favor of BIC on the Beans' claims based on the allegation that the lighter in question should have been made child-proof or child-resistant, and also on the Beans' claims based upon an alleged failure to warn. BIC submitted the affidavit of Paul M. Labrum, which stated, in part, that BIC lighters were intended for adult use.
The Beans, in response to BIC's motion for summary judgment, filed a third motion, and, in August 1990, a fourth motion to compel BIC to respond to discovery because of its failure theretofore to produce discoverable material. The Beans' fourth motion to compel sought, among other things, "all notices received from the Consumer Product Safety Commission informing BIC of injuries and deaths related to the use by children of BIC lighters." The trial court did not rule on these motions, but held a hearing on the various motions of the parties in September 1990.
On June 5, 1991, the trial court granted BIC's motion for a partial summary judgment related to the Beans' claim that "the lighter in question should have been made child-proof or child-resistant and also to claims of the plaintiff[s] based upon failure to warn."
BIC had stipulated, for purposes of determining whether a duty to child-proof existed, that "it is feasible to design a more child-resistant lighter and also foreseeable that a child may come in contact with the lighter."
The trial court did not rule on the Beans' motions to compel before entering the partial summary judgment for BIC. The court made the partial summary judgment final pursuant to Rule 54(b), Ala.R.Civ.P.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant.Fincher v. Robinson Bros. Lincoln-Mercury, Inc., 583 So.2d 256
(Ala. 1991). The present action *Page 1352 
was filed in April 1989; therefore, the applicable standard of review is the "substantial evidence rule." See § 12-21-12, Ala. Code 1975. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
The issues on appeal are whether a manufacturer of a disposable lighter has a duty, as a matter of law, to make its lighter child-resistant and whether, as a matter of law, the warnings in this case were adequate.
Before discussing the first issue presented on appeal, we will consider BIC's contention that the discovery motions are moot and that the Beans' attempt to focus this Court's attention on the discovery issues is merely an attempt to distract us from "ruling on the purely legal issues presented in this appeal." BIC contends that this case "is clearly and unmistakably in a posture for a decision by this Court on the duty issue that was presented to the trial court."
The principal issue here is whether a manufacturer, as a matter of law, will ever have a duty to make his product child-proof or child-resistant; or stated differently, whether a manufacturer will ever have a duty to make a product intended to be used by adults safer by designing and manufacturing the product to deter or discourage use by children unable to appreciate the risks involved in use of the product.
In Alabama the question of duty is a legal one. Duty "is essentially a public policy question, i.e., whether the law should impose a requirement on the defendant that it do or refrain from doing some act for the safety and well-being of the plaintiff." Buchanan v. Merger Enterprises, Inc.,463 So.2d 121, 125 (Ala. 1984). "The historical and traditional purpose of tort law has been to protect persons against unreasonable risks" and, therefore, "the defendants must pay the consequences of placing an unreasonably dangerous or defective product on the market." Casrell v. Altec Industries, Inc.,335 So.2d 128, 131 (Ala. 1976). " 'Defective' is interpreted to mean that the product does not meet the reasonable expectations of an ordinary consumer as to its safety." Id. at 133. " 'A danger is unreasonable when it is foreseeable, and the manufacturer's ability, actual, constructive, or potential, to forestall unreasonable danger is the measure of its duty in the design of its product.' " Id. at 131 (quoting Balido v.Improved Machinery, Inc., 29 Cal.App.3d 633, 105 Cal.Rptr. 890
(1972)).
The scope of a manufacturer's legal duty, therefore, depends upon two factors: (1) the foreseeability of the danger; and (2) the feasibility of an alternative design that averts that danger.
BIC concedes foreseeability and feasibility for purposes of this appeal, apparently in order to have this Court hold, as a matter of law, that there can be no duty to child-proof a product intended for adult use. However, we decline to make such a holding. We believe, in the interest of public policy, and following our case precedents, that a finding of legal duty in this State continues to be a function of the foreseeability of the danger, tempered by a consideration of the feasibility of an alternative design.
Because BIC conceded that "it is feasible to design a more child-resistant lighter and also foreseeable that a child may come in contact with the lighter," we assume for purposes of this appeal that BIC foresaw the possibility of a tragedy, such as that befalling the Beans, and also that BIC had the ability to design its lighter so as to forestall the danger. We decline to make the sweeping and decisive pronouncement that a manufacturer of a product that it intends to be used by adults never has a duty to make the product safer by making it child-resistant when the dangers are foreseeable and prevention of the danger is feasible. Duty in this State remains a function of foreseeability of the harm tempered by a consideration of the feasibility of an alternative.
We hold that the summary judgment on this issue was premature. Proper *Page 1353 
and complete discovery would provide the trial court a greater opportunity to further assess this case toward the question of what duty, if any, BIC has to offer the public a child-resistant lighter. Adequate discovery could also provide answers to questions relating to the product's safety when measured against the foreseeability of a danger presented by its use as well as to the feasibility of an alternative design that could avert such danger. Therefore, we order the trial court to grant the Beans' motions to compel discovery.
The summary judgment also held against the Beans' claims that BIC failed to provide adequate warnings on its lighter. Specifically, the Beans claimed that BIC failed to adequately warn them that small children were attracted to lighters and could easily operate them. They also argue that the warnings should state that lighters should not be kept in households with small children because of what they contend to be the serious hazards associated with the use and operation of the lighters. BIC contended that (1) it had no duty to warn because, it said, the hazard was open and obvious; and (2) the warning on the lighters — "Keep out of reach of children" — was adequate as a matter of law.
This Court has stated:
 "The manufacturer of a product which may be reasonably anticipated to be dangerous if used in a way which he should reasonably foresee it would be used is under a duty to exercise reasonable care to give reasonable and adequate warnings of any dangers known to him, or which in the exercise of reasonable care he should have known and which the user of the product obviously could not discover. Reasonable care means that degree of care which a reasonably prudent person would exercise under the same circumstances."
Alabama Pattern Jury Instructions (Civil), 32.07, adopted inDunn v. Wixom Brothers, 493 So.2d 1356, 1360 (Ala. 1986). BIC contends that the dangers posed by the lighter are open and obvious. However, this Court has stated that "[w]hether a danger [is] 'open' and 'obvious' does not go to the [legal] issue of the duty of the defendant under the AEMLD. Instead, 'open' and 'obvious' danger relates to the affirmative defense of assumption of the risk, the alleged 'defectiveness' of the product, and the issue of causation." King v. S.R. Smith, Inc.,578 So.2d 1285, 1287 (Ala. 1991) (quoting Entrekin v. AtlanticRichfield Co., 519 So.2d 447 (Ala. 1987)). Therefore, a summary judgment based upon the danger's being open and obvious would be improper, as such a determination is a factual issue for the jury.
As to whether the warnings were adequate as a matter of law, BIC presented the affidavit of Paul M. Labrum, which stated, in pertinent part, that "the lighters have always been sold in packages which contain the following warnings, among others: "KEEP OUT OF REACH OF CHILDREN" and "KEEP AWAY FROM CHILDREN." He also stated that, in 1987, BIC became the first lighter manufacturer to affix a warning label directly to the lighter itself.
In opposition to the motion for partial summary judgment, the Beans argued that the warnings were inadequate because they (1) failed to warn about the attractiveness of the lighters to small children, (2) failed to warn that small children could easily operate the lighters, and (3) failed to warn of the serious danger of fires started by small children playing with lighters. The Beans argue that BIC failed to show the absence of a genuine issue of material fact to be determined by the jury. We agree.
We hold that BIC failed to show an absence of a genuine issue of material fact, because the affidavit in support of the summary judgment does not address the reasons the Beans argue that the warning was inadequate. The Beans do not contend that there was no warning, but rather that the warnings given did not adequately apprise them that small children would be attracted to the lighter and that it could be easily operated by small children. Because BIC has failed to show the absence of a genuine issue of material fact, as to the *Page 1354 
allegation of a failure to warn, the summary judgment is due to be reversed.
The partial summary judgment in favor of BIC is reversed, and the cause is remanded to the trial court for further proceedings. The trial court is also instructed to grant the motions to compel discovery now pending before it.
REVERSED AND REMANDED; TRIAL COURT INSTRUCTED TO GRANT MOTIONS TO COMPEL.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.