Henry Harvell sued Mike Johnson, doing business as Mike Johnson Construction Company, and Mike Johnson Construction Company, Inc. (collectively referred to hereinafter as "Johnson"), after Harvell fell while working in a residence that was under construction. Johnson was the general contractor for the residence, and Harvell was working for Eddie Barber, doing business as B S Drywall, a subcontractor hired by Johnson to hang and finish the plasterboard in the home. In his complaint, Harvell alleged that he was a business invitee on Johnson's premises and that Johnson had negligently and wantonly failed to maintain the premises in a reasonably safe manner. Harvell also alleged that Johnson had failed to maintain a safe workplace.
After deposing Harvell, Johnson moved for a summary judgment. The trial court entered a summary judgment for Johnson, and Harvell appealed. The only issue raised on this appeal is whether the defendant was entitled to the summary judgment.
A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First Alabama Bank,540 So.2d 732 (Ala. 1989). The burden is, therefore, upon the moving party to clearly show that there is no material fact in dispute, and the evidence is to be viewed most favorably to the nonmovant. Southern Guar. Ins. Co., supra.
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
In his summary judgment motion, Johnson argued that he was entitled to a summary judgment because, he argued, there was no genuine issue as to any material fact. In support of his summary judgment motion, Johnson submitted a portion of Harvell's deposition, the affidavit of Mike Johnson, and a memorandum brief. In response to Johnson's motion, Harvell relied on the pleadings, his answers to Johnson's interrogatories, a portion of his deposition that was submitted by Johnson, and this Court's recent decision in Breeden v.Hardy Corp., 562 So.2d 159 (Ala. 1990).
The evidence before the trial court when it entered the summary judgment was undisputed and reveals the following: At the time of the accident, Harvell was hanging plasterboard on the walls of a stairway in a residence that was under construction by Johnson. Harvell had been hired by Eddie Barber, doing business as B S Drywall, and he was paid based on the amount of plasterboard that he actually hung; he had no direct dealings with Johnson.
Harvell's injury occurred during the afternoon of his second day of work at the *Page 883 
residence. Harvell admitted in his deposition that he was aware that the staircase was temporary in nature, that the treads of the stairs were made of single 2" X 4" boards, and that there were no handrails along either side of the staircase. Harvell suffered a triple compound fracture when he fell through one of the steps and landed on the first floor of the house.
The temporary steps were constructed so that workers could access the second floor of the house. The steps previously had been used by the framers, plumbers, electricians, and heating and air conditioning workers, without incident. Harvell admitted that he had traveled up and down the steps both on the day before the accident and on the day of the accident. There is no evidence indicating that there had been any change in the steps during the two days that Harvell worked at the house. Harvell testified that he was aware of the danger involved in walking on these temporary steps, but that he had not complained to anyone or refused to use the steps as he performed his work in the house. The parties agree that Harvell was a business invitee on Johnson's premises.
In Breeden v. Hardy Corp., supra, which Harvell relied upon in the trial court and which he cites to us on appeal, we noted the following propositions relating to the duty of a general contractor to an invitee:
 " 'The duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. All ordinary risks present are assumed by the invitee, and the general contractor or owner is under no duty to alter the premises so as to [alleviate] known and obvious dangers. The general contractor is not liable to an invitee for an injury resulting from a danger that was obvious or that should have been observed in the exercise of reasonable care. The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.' "
562 So.2d at 160 (quoting Heath v. Sims Bros. Const. Co.,529 So.2d 994, 995 (Ala. 1988)) (Emphasis supplied).
The plaintiff in Breeden was an employee of a subcontractor on a construction project at the Riverchase Galleria shopping mall near Birmingham. The plaintiff sued the general contractor for the project because of injuries suffered by the plaintiff when he fell into an unguarded hole. Although the hole normally had barricades around it, the defendant's employees had removed the barricades while they were working in the area the day before the plaintiff was injured. The defendant's employees failed to replace the barricades after they finished working in the area. The trial court entered a summary judgment for the defendant, but this Court reversed, holding that a factual issue existed as to, among other things, whether the plaintiff had been aware of the defect prior to the accident.
While we recognize, as we did in Breeden, that questions of openness and obviousness of a defect or danger and of the plaintiff's knowledge are generally not to be resolved on a motion for summary judgment, we distinguish Breeden from the present case and hold that the summary judgment was properly entered under the facts of this case.
The holding in Breeden was based on a defect or danger that was known to the invitor but not to the invitee. That is not the case under the facts presented here. The undisputed facts show that Harvell was aware of the stairway, appreciated the danger that it presented, and acted more carefully because of that perceived danger. Furthermore, Harvell was aware of the problem with the stairway, both on the day before the accident and on the day of the accident. He also admitted that there had been no changes in the stairway that could have caused his fall. In view of the evidence that was before the trial court when it entered the summary judgment for Johnson, we conclude that the summary judgment was proper. *Page 884 
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.