PER CURIAM.
This appeal involves a question of entitlement to underinsured motorist insurance benefits. The issue is whether the trial court properly entered a summary judgment for the defendant insurer based on a determination that the plaintiffs husband was “drinking [alcoholic beverages] while driving” when he was killed in an automobile collision with an underinsured motorist, and was, therefore, operating his employer’s vehicle “without a reasonable belief that [he was] entitled to do so” and, therefore, came within an exclusion in the insurance policy. We reverse and remand.
The underlying facts are largely undisputed. On July 10, 1990, Jerry Anthony Plowman was killed when a vehicle he was driving collided with a vehicle driven by Christopher Lee Turner at the intersection of U.S. Highway 82 and Flatwoods Road in Tuscaloosa County. Plowman’s vehicle was owned by *1104 his employer, Roland Pugh Construction, Inc., and was insured under a fleet policy with Aetna Casualty & Surety Company. Elizabeth Ann Plowman, as executrix of Plowman’s estate, sued Turner and certain fictitiously named defendants, seeking damages for wrongful death; she later added a claim against Aetna for benefits under the underinsured motorist provisions of Pugh’s fleet policy.
The vehicle that Plowman was driving had been assigned to him at the request of his supervisor, David Christian. On the day of the collision, Christian told Plowman that Pugh needed to hire more employees. Plowman said his nephew might be interested, so Christian asked him to talk to his nephew about the job.
Later that day, Plowman drove the Pugh vehicle to the home of Betty Causey, to talk to her son, his nephew, about the job. When he arrived at approximately 6:30 p.m., Plowman was drinking beer. According to Cau-sey, he did not appear to be intoxicated. Plowman discussed the job possibility with his nephew and told him that he would pick him up the next morning on his way to work. Plowman stayed at Causey’s house approximately four hours, during which time, Cau-sey testified, he drank at least two or three more beers, but she said he did not appear to be intoxicated when he left at approximately 10:30 p.m. The fatal collision occurred approximately forty minutes later and 5 or 6 miles away, on Plowman’s usual route home.
Aetna moved for a summary judgment, based on a “permissive use” exclusion in its insurance policy that excluded coverage for “[ajnyone using a vehicle without a reasonable belief that the person is entitled to do so.” In granting the motion, the trial court entered an order stating in pertinent part:
“The Court finds that there is no genuine issue as to the material fact of whether Jerry Anthony Plowman was using the vehicle he was operating on the occasion in question with ‘a reasonable belief that he was ‘entitled to do so.’ Exclusion three of Aetna’s ‘Alabama Uninsured Motorist Coverage’ coverage provisions declares that such insurance does not apply to ‘anyone using a vehicle without a reasonable belief that the person is entitled to do so.’ The Court expressly predicates its said ruling on the further finding that Mr. Plowman was ‘drinking while driving’ on the occasion in question, to the extent and under such circumstances that, given all of the instructions, admonitions, and cautions he had received from the bailor of the vehicle, Roland Pugh Construction Company, Inc., Plowman could not ‘reasonably’ have believed he was entitled to use the vehicle under’ the circumstances.”
R. 173.
The trial court entered the summary judgment for Aetna but did not make the judgment final pursuant to Rule 54(b), Ala. R.Civ.P. After the trial court later entered judgments based on jury verdicts for Plowman on her claim against Turner and for Turner on his counterclaim, Plowman appealed from the summary judgment in favor of Aetna.
A summary judgment is proper upon a showing “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. The burden of making such a showing is upon the party moving for a summary judgment, but if the moving party makes a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law, then the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 798 (Ala.1989); Ala.Code 1975, § 12-21-12 (Supp.1992). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Furthermore, the evidence is viewed most favorably to the nonmoving party. Harvell v. Johnson, 598 So.2d 881, 882 (Ala.1992).
In moving for a summary judgment, Aetna asserted that Plowman could not have reasonably believed that he was entitled to *1105 use his employer’s vehicle after he had been drinking. Aetna relied on the pleadings, the affidavits of David Christian and Grady Pugh, a Pugh vice-president, and the depositions of Causey, Pugh, and Charles Smelley, a police officer who arrived at the site o'f the collision. These materials reveal (1) that Pugh’s company vehicles are to be used for job-related tasks only, which, at least with respect to Plowman, included travel between home and work; (2) that driving a Pugh company vehicle while drinking or after drinking is prohibited and automatically terminates the offender’s employment; and (3) that Plowman had been drinking before he was involved in the collision.
It is undisputed that Pugh had communicated to its employees, through letters, bulletins, safety manuals, and meetings, its policy that using alcohol while working or using a company vehicle was prohibited and would result in termination of employment. Nor is it disputed that Plowman had worked for Pugh for almost 20 years and had been trained in safe driving and that Plowman was killed while using Pugh’s vehicle after having consumed alcoholic beverages. Considering this evidence, we hold that Aetna has made a prima facie showing that there was no genuine issue as to the material fact of whether Plowman could have reasonably believed that he was entitled to use Pugh’s vehicle after drinking and in holding that Aetna was entitled to a judgment as a matter of law; therefore, the burden shifted to Elizabeth Plowman to present substantial evidence supporting her position and rebutting the prima facie showing in order to avoid a summary judgment.
In rebuttal, Elizabeth Plowman relied on her own deposition and the same materials submitted by Aetna, in an attempt to show that Jerry Plowman could, in fact, have reasonably believed that he was entitled to use the vehicle. She pointed out that he initially went to Causey’s house to talk to his nephew about coming to work for Pugh, at the request of his supervisor, Christian; that he drank only two or three beers over the course of four hours and did not appear to be intoxicated when he left; and that he was following his usual route home when the collision occurred. She argues that “[tjhere is no substantial evidence that Plowman received written notification that his actions that night would constitute an unauthorized use of the vehicle.” Appellant’s brief at 17. She argues that these facts, when considered with the fact that Plowman had express permission from Pugh to drive the vehicle while on company business and to and from work, present a jury question as to whether Plowman could have reasonably believed at the time of the collision that he was entitled to use the vehicle in the manner in which he did.
We note that Plowman had been assigned a company vehicle two weeks before his death, and it is unclear from the record whether he had been specifically instructed at any time during those two weeks not to drink while driving. We note further that there is no evidence in the record that Plowman’s consumption of alcohol proximately caused the accident that resulted in his death. Viewing the evidence most favorably to Plowman as the nonmoving party, we agree that a jury question is presented as to whether Plowman could have reasonably believed at the time of the collision that he was entitled to use the vehicle in the manner in which he did. Accordingly, we reverse the summary judgment for Aetna and remand the cause for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON, KENNEDY and INGRAM:, JJ., concur.
ALMON and SHORES, JJ., concur in the result.