KENNEDY, Justice.
The plaintiffs appeal from a summary judgment in favor of the defendant USCO Power Equipment Corporation.
On December 15, 1992, Merle Cooper and Turnham Cooper filed a shareholder’s derivative action against USCO, alleging breach of fiduciary duty, based on what they alleged to be USCO’s excessive compensation of the company’s chief executive officer, Benton T. Lankford. The plaintiffs also alleged that USCO was spending too much money was on employee benefits. On January 25, 1993, Maude S. Colley sued USCO, based on the same allegations. The actions were consolidated, and John Assell was also added as a plaintiff.
USCO filed a motion to dismiss or, in the alternative, for a summary judgment. The trial court treated the motion as one for a summary judgment, because in ruling on the motion it considered matters outside the pleadings. See Rule 12(c), A.R.Civ.P. The trial court entered a summary judgment in favor of USCO.
Rule 23.1, A.R.Civ.P. provides:
“In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint , shall be verified and shall allege that the plaintiff was a shareholder or *974 member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.”
(Emphasis added.)
The plaintiffs, in opposing the motion for summary judgment, failed to present substantial evidence that they met the requirements to maintain a shareholder’s derivative action pursuant to Rule 23.1.
A summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. The moving party must show that there is no material fact in dispute, and, in determining whether such a fact is disputed, the court must view the evidence most favorably to the nonmoving party. Harvell v. Johnson, 598 So.2d 881 (Ala.1992). In order to defeat a properly supported motion for summary judgment, the nonmoving party must present substantial evidence creating a genuine issue of material fact. Harvell.
Rule 23.1 requires that the plaintiff in a derivative action allege with particularity any efforts the plaintiff has made to obtain the action he or she desires from the directors and the reasons for failing to obtain such action or the reasons for not making such an effort. Elgin v. Alfa Corp., 598 So.2d 807 (Ala.1992). This effort to obtain the action from the directors is known as the “director demand.” Elgin.
The director demand may be excused if that demand would be futile. Elgin. To show “futility,” the shareholder must show “such a degree of antagonism between the directors and the corporate interest that the directors would be incapable of performing their duty.” Elgin, 598 So.2d at 815. A bare allegation that a majority of the directors are wrongdoers is insufficient.
In reviewing this summary judgment, we will consider the pleadings, along with the depositions, answers to interrogatories, admissions on file, and affidavits that were presented to the trial judge, to determine whether the plaintiffs presented substantial evidence that a demand for action by the director's would have been futile. See Rule 56(c).
The plaintiffs’ allegations are as follows:
1) Ted Lankford, CEO, controls 57% of the outstanding shares of stock.
2) Lankford and the other directors have taken action “not in the best interests of the corporation and [have failed] to take other actions that would have been in the best interests of the corporation, and [have] engaged in numerous wrongful acts in violation of their fiduciary duties owed to the plaintiffs as shareholders and to the corporation itself.”
3) “As a consequence of the majority ownership of the outstanding shares held by the Lankford family and effectively controlled by the defendant Ted Lankford and the director defendants and the total control of the board of directors by Ted Lankford and the director defendants any demand upon the board of directors to institute this action would be futile because the members of the board are implicated in the transactions that provide the basis for this suit. A demand would be ‘unavailing’ and ‘idle ceremony’ and ‘futile’ since the entire board of directors are defendants and are each liable to the plaintiffs for breach of their fiduciary duties to the corporation as officers and/or members of the board of directors.” (C.R. 2-4).
*975 The plaintiffs’ eonelusionary language presents no excuse for their not making a director demand; therefore, we must conclude that the plaintiffs failed to present substantial evidence to overcome the motion for summary judgment. That is, the plaintiffs failed to demonstrate through their complaint and affidavits that a demand for action made to the directors would be futile. It does not clearly appear from the complaint and other evidence in the record that the directors would have refused such a demand. Indeed, a disgruntled shareholder could make such an allegation against any closely held corporation. The fact that the directors are related does not mean that it would be futile for a shareholder to demand action by the board.
It is important to note that the purpose of the director demand requirement is to allow the corporation, on whose behalf the action is being brought, to take over the litigation, i.e., to give the directors the opportunity to act in their normal status as conductors of the corporation’s affairs. Elgin. In accordance with this purpose, Rule 23.1 requires the shareholder to state with particularity his reasons for failing to make the demand.
We also note that the plaintiffs failed to state with particularity the actions that they wanted the corporation to take. The plaintiffs allege that the CEO is paid too much and is paid on the basis of an outdated system of payment, but they failed to state how they arrived at this conclusion. They also claim that certain employee benefits are too high, without stating why this is so and without stating what they think the benefits should be.
Based on the foregoing, we affirm the summary judgment entered in favor of USCO.
AFFIRMED.
SHORES, HOUSTON and INGRAM, JJ., concur.
COOK, J., concurs in the result.