I did not participate in this case on the original appeal,Bean v. BIC Corp., 597 So.2d 1350 (Ala. 1992). Had I participated in that *Page 847 
case, I would have affirmed Judge Stuart Leach's partial summary judgment in favor of BIC on the parents' claims alleging a design defect and a failure to warn, but a majority of this Court reversed that judgment. Judge Leach then presided over a jury trial, which resulted in a jury verdict in favor of BIC on the parents' individual claims, but a verdict for the parents on their claims based on the children's injuries.
I conclude that the partial summary judgment granted initially was the correct judgment; but the law of this case, in my opinion, is that the plaintiffs had a legal right to present their claims to a jury, and they did so. CompareBlack Belt Wood Co. v. Sessions, 514 So.2d 1249 (Ala. 1987), in which I stated in a special concurrence that because the plaintiff had, in another proceeding, legally obtained the right to obtain a judgment against Black Belt, the plaintiff was entitled to receive any benefit of the law of that case.[3]
Based on the facts of this case, it is my opinion that BIC had no duty to manufacture a child-proof lighter and no duty to warn parents to keep its lighters out of the reach of their children. It appears that the jury was of the same opinion and therefore refused to award any damages on the parents' individual claims. I was almost persuaded to dissent as to the affirmance of the judgment against BIC based on the injuries to the children, because the jury verdicts appear to be inconsistent, but BIC made no objection after it was advised what the trial judge had done. Consequently, I must concur in the result as to the majority's affirmance in case number 1930751.
I concur as to the judgment in case number 1930853.
[3] In Black Belt, I said in my special concurrence:
 "On the first appeal of this case, I was of the opinion that the trial court improperly ordered a new trial in the case as to Black Belt, and I authored the opinion which so held. On application for rehearing, however, the Court issued a new opinion, in which a majority of this Court held that the original opinion was in error, and opined as follows:
 " 'While the trial court's granting of a new trial, where the verdict is plainly and palpably supported by the evidence, is an abuse of its discretionary prerogative, we are obliged to indulge a presumption of correctness in favor of a new trial order where, as here, it is highly probable that the verdict under review is the result of confusion or misunderstanding or is inconsistent in law or in fact. Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891). Therefore, because we believe the trial judge properly perceived his discretionary role in preventing an unfair and unjust result under the circumstances, we affirm his order granting a new trial as to all three defendants.'
 "I dissented from that on-rehearing opinion, stating that 'I would deny rehearing because I am of the opinion that the law is correctly stated in the majority opinion as originally written.' Joining me in my dissent were Justices Faulkner and Beatty. Nevertheless, plaintiff was given the right, at that time, by a majority of this Court, to try the case again before another jury. Because that judgment was final, and plaintiff obtained the right to try the case again, I am of the opinion that the plaintiff legally obtained the right to obtain a judgment against Black Belt in another proceeding. Consequently, it is my opinion that plaintiff, having obtained a right to a new trial, is entitled to a review of the new trial without regard to my dissenting views on the first appeal, and that the judgment in this new trial must be based upon the principles of law as they exist today."
514 So.2d at 1256-57.