MONROE, Judge.
Sherry Duke appeals from a judgment entered on a jury verdict for Gold Kist, Inc. Duke sued Gold Kist claiming that she was injured when she slipped in water, grease, and other substances that had accumulated on the floor of the defendant’s poultry processing plant, creating what she said was an unsafe or hazardous condition.
Gold Kist operates a poultry processing plant in Trussville. The United States Department of Agriculture has an office and break room at the plant to facilitate the inspection of the poultry products processed at the plant. Duke, a USDA employee, had been working at Gold Kist’s Trussville plant for nine months before her accident. She testified that she knew the break room floor was “always slippery and wet, and greasy, and it was dirty.” She said that as she was leaving the USDA office or break room to enter the poultry processing area on February 20,1994, she slipped on the wet floor and injured her back.
*259 Duke appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Duke contends that the trial court erred in refusing to give two of her requested jury instructions. In reviewing the adequacy of jury instructions, this Court must read and consider the charge as a whole. Grayco Resources, Inc. v. Poole, 500 So.2d 1030, 1033 (Ala.1986) “The law is clear that the refusal of a requested charge is not error where the trial court’s oral charge ‘substantially and fairly’ covers the same principles as the requested charge.” Volkswagen of America, Inc. v. Marinetti, 628 So.2d 378, 384-85 (Ala.1993); Rule 51, Ala.R.Civ.P. However, Duke was entitled to have her theory of the ease, made by the pleadings and the issues, presented to the jury by the proper instructions. Crittenden v. Bright, 652 So.2d 236 (Ala.1994); Alabama Farm Bureau Mutual Insurance Service, Inc. v. Jericho Plantation, Inc., 481 So.2d 343 (Ala. 1985). Reversible error occurs when a trial court gives an incorrect or misleading instruction to the jury regarding the theory of the case, and, in such a case, a new trial is required. American Cast Iron Pipe Company v. Williams, 591 So.2d 854, 856 (Ala.1991).
The two refused jury instructions, when read together, present Duke’s theory of the case. The first one, Duke’s requested charge number 17, dealt with the burden of proving notice:
“I charge you, ladies and gentlemen of the jury, that the plaintiff has the burden of proving actual or constructive notice of the dangerous condition. However, an exception exists when the hazard was created by the defendant. In such situation, notice of the hazardous condition is imputed to the defendant, and there is no requirement that the plaintiff introduce any additional evidence to establish that the defendant had knowledge of the dangerous condition.”
The trial court instructed the jury that it was incumbent upon Ms. Duke to prove that Gold Kist had constructive knowledge of the water and grease on the floor, actual knowledge of the water and grease on the floor, or that Gold Kist was delinquent in not discovering the hazardous condition created by the water and grease and correcting it. Duke argues that the trial court erred in refusing to instruct the jury that if Gold Kist created the hazardous condition, then notice of that condition was imputed to Gold Kist and Duke was not required to prove that Gold Kist had knowledge, either actual or constructive, of the slippery floor.
The second instruction, Duke’s requested charge number 18, dealt with open and obvious hazards:
“I charge you, ladies and gentlemen of the jury, that a possessor of land is not liable to its invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.”
The trial court instructed the jury that Ms. Duke could not recover if she was contribu-torily negligent and that she could not recover if the dangerous condition was open and obvious. Duke argues that the charge should have gone further and explained that the possessor of land is not liable for open and obvious danger “unless the possessor should anticipate the harm despite such knowledge or obviousness.” That language is taken from Restatement (Second) of Torts, § 343A (1965), which appears to have been adopted by our Supreme Court. While the Alabama Supreme Court has not expressly adopted that language, it follows the position set out in Restatement § 343A. See, e.g., Campbell v. Valley Garden Apartments, 600 So.2d 240 (Ala.1992); Breeden v. Hardy Corp., 562 So.2d 159 (Ala.1990); Terry v. Life Ins. Co. of Georgia, 551 So.2d 385 (Ala.1989).
Duke’s theory of the ease is that Gold Kist created the wet, slippery floor by having the USDA inspectors hose down their aprons at the doorway between the processing area and the inspectors’ area, and that Gold Kist, therefore, should have anticipated the harm despite Duke’s knowledge or the obviousness of the harm. Therefore, under the language of Restatement § 343A, Gold Kist may be hable to Duke for her injuries.
*260 The record shows that the jury was not completely instructed on the law. Duke’s requested charges 17 and 18, when read in tandem, correctly state the law. The principles stated in those requested charges were not otherwise presented in the instructions to the jury. Therefore, the trial court erred in refusing to give those charges.
The judgment of the trial court is reversed and this cause is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.
YATES, J., concurs in the result.
CRAWLEY, J., dissents.