The Defendant, Gold Kist, Inc., petitioned for certiorari review, arguing that the Court of Civil Appeals erred in reversing a judgment entered in its favor following a jury trial. See Duke v. Gold Kist, Inc., 686 So.2d 258
(Ala.Civ.App. 1995).
Sherry Duke, an employee of the United States Department of Agriculture ("USDA"), was injured while working at her job when she slipped in water, grease, and other substances that had accumulated on the floor of Gold Kist's poultry processing plant. The USDA had an office and a break room at the Gold Kist plant to facilitate the inspection of poultry. Duke had been working at the plant for nine months before the accident. In the accident she injured her back; she sued, alleging that the accident was caused by an unsafe or hazardous condition created by Gold Kist.
The trial judge instructed the jury that Duke could not recover if she had been contributorily negligent and that she could not recover if the condition that caused the accident was open and obvious. Duke argues that the trial court should have further explained that a possessor of land is not liable for harm caused by open and obvious danger "unless the possessorshould anticipate the harm despite such knowledge orobviousness," relying on Restatement (Second) of Torts, § 343A (1965).
Duke properly preserved this issue for review. She requested that the trial court give the following two jury instructions based on Restatement § 343A:
 "I charge you, ladies and gentlemen of the jury, that the plaintiff has the burden of proving actual or constructive notice of the dangerous condition. However, an exception exists when the hazard was created by the defendant. In such situation, notice of the hazardous condition is imputed to the defendant, and there is no requirement that the plaintiff introduce any additional evidence to establish that the defendant had knowledge of the dangerous condition."
 "I charge you, ladies and gentlemen of the jury, that a possessor of land is not liable to its invitees for physical harm caused to them by any activity or condition on the land whose danger is known to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."
Duke contends that this Court has implicitly adopted § 343A as the law in Alabama and that the trial court therefore erred in failing to give her requested instructions based on that section. See Campbell v. Valley Garden Apartments,600 So.2d 240 (Ala. 1992); Terry v. Life Ins. Co. of Georgia,551 So.2d 385 (Ala. 1989). The Court of Civil Appeals agreed with that argument and reversed the judgment, holding that this Court had adopted § 343A as a correct statement of Alabama law and that the trial court had therefore erred in failing to give Ms. Duke's requested instructions.
We now decline to adopt § 343A as a correct statement of the law relating to the liability of a possessor of land. Therefore, *Page 262 
we reverse the judgment of the Court of Civil Appeals and remand the case.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and BUTTS, JJ., concur.