[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 651 
The plaintiff, a plumbing subcontractor, sued the general contractor for damages resulting from severe injuries the plaintiff suffered when he fell through an opening for a stairwell in the second floor of the building the parties were constructing. The plaintiff appeals from a summary judgment in favor of the defendant. We affirm.
The plaintiff first argues that the summary judgment is erroneous because, he says, the defendant's motion for summary judgment failed to contain the narrative summary of undisputed material facts required by Rule 56(c)(1), Ala.R.Civ.P. The plaintiff cites Moore v. ClaimSouth,Inc., 628 So.2d 500 (1993), Hale v. Union Foundry Co., 673 So.2d 762
(Ala.Civ.App. 1995), and Thompson v. Rehabworks of Florida, Inc.,727 So.2d 807 (Ala.Civ.App. 1997).
The defendant's motion for summary judgment, however, did incorporate by reference and attachment the narrative summary of undisputed facts contained in another motion for summary judgment filed by another party who is not before us in this appeal. The defendant who is before us supplemented the incorporated narrative with additional, though not extensive, facts. Rule 56(c)(1) allows attachments and does not prohibit incorporation by reference. The record before us reveals the materials incorporated in, or attached to, the defendant's motion for summary judgment, in conjunction with the defendant's own additional narration, constitute adequate compliance with Rule 56(c)(1).
The plaintiff next argues that the record contains substantial evidence that the defendant owed the plaintiff a duty, breached it, and thereby proximately caused his injuries. Specifically, the plaintiff argues that the defendant owed him a duty to provide him a safe workplace, that the defendant breached this duty by failing to erect barricades around the open stairwell, and that this breach proximately caused the plaintiff's injuries.
On the one hand, the record does contain substantial evidence that the open stairwell was unguarded. On the other hand, the record contains abundant undisputed evidence that the hazard of the unguarded stairwell was open and obvious.
"In [a] premises-liability case, the elements of negligence `"are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages."'" Ex parte Harold L. MartinDistrib. Co., 769 So.2d 313, 314 (Ala. 2000) (quoting E.R. Squibb Sons, Inc. v. Cox, 477 So.2d 963, 969 (Ala. 1985), quoting in turn David G. Epstein, Products Liability: Defenses Based on Plaintiff's Conduct, 1968 Utah L. Rev. 267, 270 (1968)). Breeden v. Hardy Corp., 562 So.2d 159
(Ala. 1990), states the general duty a general contractor owes a subcontractor on a job site:
 "`As invitor, . . . the general contractor, was under a duty to have the *Page 652 
premises free from danger, or if they were dangerous, to give its invitee . . . [the subcontractor], sufficient warning to enable him, through the exercise of reasonable care, to avoid the danger. This duty
includes the duty to warn the invitee of danger of which the invitor knows or ought to know, and of which the invitee does not know.
 "`A general contractor is not responsible to a subcontractor for injury from defects or dangers which the subcontractor knows of, or ought to know of. "If the defect or danger is hidden and known to the owner, and neither known to the [sub]contractor, nor such as he ought to know, it is the duty of the owner [general contractor] to warn the [sub]contractor and if he does not do this, of course, he is liable for resultant injury."
 "`The duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. All ordinary risks present are assumed by the invitee, and the general contractor or owner is under no duty to alter the premises so as to [alleviate] known and obvious dangers. The general contractor is not liable to an invitee for an injury resulting from a danger that was obvious or that should have been observed in the exercise of reasonable care. The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.'
 ". . . A plaintiff may not recover if the injury he receives is caused by an obvious or known defect in the premises."
Breeden, 562 So.2d at 160. (Emphasis added; first bracketed language added; citations omitted.) See also Ex parte Kraatz, 775 So.2d 801, 803
(Ala. 2000) (holding "'[t]he premises owner has no duty to warn theinvitee of open and obvious defects in the premises, which the invitee is aware of or should be aware of through the exercise of reasonable care'" (emphasis added) (quoting Woodward v. Health Care Auth. of Huntsville,727 So.2d 814, 816 (Ala.Civ.App. 1998))).
Therefore, openness and obviousness of a hazard, if established, negate the general-contractor invitor's duty to eliminate the hazard or to warn the subcontractor invitee of the hazard; and this negation of duty, in and of itself, defeats the subcontractor's injury claim without the operation of any affirmative defense such as contributory negligence or assumption of risk. In other words, in this context, openness and obviousness, if established, negate the duty, defeat the claim, and pretermit any issue of the effect of openness and obviousness on the affirmative defenses of contributory negligence and assumption of risk. Only if the subcontractor plaintiff can establish some special duty on the general contractor to protect the subcontractor from open and obvious hazards, as distinguished from the general contractor's general duty as stated by Breeden, which does not require such protection, and only if the subcontractor plaintiff can likewise establish a breach of such special duty and proximately resulting damages, might the issue of the effect of the openness and obviousness on the affirmative defenses of contributory negligence and assumption of risk become critical.[1] *Page 653 
This incidence of the issue of openness and obviousness in premises-liability cases differs from the incidence of the same issue in cases of claims based on the Alabama Extended Manufacturer's Liability Doctrine (AEMLD):
 "`[w]hether a danger [is] "open" and "obvious" does not go to the [legal] issue of the duty of the defendant under the AEMLD. Instead, "open" and "obvious" danger relates to the affirmative defense of assumption of the risk, the alleged "defectiveness" of the product, and the issue of causation.'"
Bean v. BIC Corp., 597 So.2d 1350, 1353 (Ala. 1992) (emphasis added, but bracketed language added in King and Bean) (quoting King v. S.R. Smith,Inc., 578 So.2d 1285, 1287 (Ala. 1991), quoting Entrekin v. AtlanticRichfield Co., 519 So.2d 447, 450 n. 5 (Ala. 1987)). This difference is an advantage to defendants in premises-liability cases because of restrictions our law imposes on summary judgments and judgments as a matter of law grounded on the affirmative defenses of contributory negligence and assumption of risk.
 "To establish contributory negligence as a matter of law, a defendant seeking a summary judgment must show that the plaintiff put himself in danger's way and that the plaintiff had a conscious appreciation of the danger at the moment the incident occurred. See H.R.H. Metals, Inc. v. Miller, 833 So.2d 18 (Ala. 2002); see also Hicks v. Commercial Union Ins. Co., 652 So.2d 211, 219 (Ala. 1994). The proof required for establishing contributory negligence as a matter of law should be distinguished from an instruction given to a jury when determining whether a plaintiff has been guilty of contributory negligence. A jury determining whether a plaintiff has been guilty of contributory negligence must decide only whether the plaintiff failed to exercise reasonable care. We protect against the inappropriate use of a summary judgment to establish contributory negligence as a matter of law by requiring the defendant on such a motion to establish by undisputed evidence a plaintiff's conscious appreciation of danger. See H.R.H. Metals, supra."
Hannah v. Gregg, Bland Berry, Inc., 840 So.2d 839, 860-61 (Ala. 2002) (emphasis added). In contrast, in order for a defendant-invitor in a premises- liability case to win a summary judgment or a judgment as a matter of law grounded on the absence of a duty on the invitor to eliminate open and obvious hazards or to warn the invitee about them, the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap. WhileBreeden, supra, does recite that "[a]ll ordinary risks present are assumed by the invitee," 562 So.2d at 160, this recitation cannot *Page 654 
mean that the invitor's duty before a mishap is determined by the invitee's subjective state of mind at the moment of the mishap. This Court has expressly rejected the notion that an invitor owes a duty to eliminate open and obvious hazards or to warn the invitee about them if the invitor "should anticipate the harm despite such knowledge orobviousness." Ex parte Gold Kist, Inc., 686 So.2d 260, 261 (Ala. 1996) (emphasis added). Gold Kist apparently overrules sub silentio the contrary language in Sisk v. Heil Co., 639 So.2d 1363, 1365 (Ala. 1994).
In the case now before us, the undisputed evidence that the hazard of the open stairwell was open and obvious negates any general duty in the defendant general contractor to barricade the stairwell or to warn the subcontractor plaintiff of the hazard. This negation defeats the plaintiff's claim grounded on a breach of that general duty, without any operation or analysis of the defendant's affirmative defense of contributory negligence.
The plaintiff makes a conclusory argument that the defendant breached a special duty, as distinguished from the general duty we have already discussed. Specifically, the plaintiff argues that, pursuant to the federal Occupational Safety and Health Act (OSHA), a regulation cited by the plaintiff as 29 C.F.R. § 1926.1052(c)(12) required the defendant to barricade the open stairwell, that the defendant disobeyed this requirement, and that this noncompliance constituted a breach of duty which proximately caused the plaintiff's injuries. The plaintiff does not quote the regulation or cite the pages in the record which contain it. The plaintiff does not identify whom the regulation binds and benefits — whether employers and their employees, general contractors and their subcontractors, or other categories of obligors and obligees. The plaintiff does not explain how an OSHA requirement would translate into a duty recognized by Alabama law — whether as a matter of evidence or as a matter of law. Finally, the plaintiff does not cite any Alabama authority for this breach-of-OSHA-regulation argument. Thus, we are unable to predicate any appellate relief on this argument. See
Rule 28(a)(10), Ala.R.App.P., and Spradlin v. Spradlin, 601 So.2d 76, 78-79
(Ala. 1992).
The plaintiff-appellant has not demonstrated any "genuine issue as to any material fact" that prevents the defendant-appellee from being "entitled to a judgment as a matter of law," Rule 56(c)(3), Ala.R.Civ.P. Accordingly, the summary judgment in favor of the defendant-appellee must be affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, LYONS, and WOODALL, JJ., concur.
[1] The Breeden Court reversed the summary judgment rendered in favor of the defendant-contractor invitors. The rationale of the Breeden Court was that summary judgment was inappropriate because the defendants' affirmative defenses of contributory negligence and assumption of risk presented factual issues to be resolved by a jury. This rationale, in the context of the law stated by the Breeden Court governing the existencevel non of a duty on the defendant-contractor invitors in the first place, implies that the Breeden Court, rightly or wrongly, did not think the evidence of openness and obviousness was conclusive so as to negate the essential element of the defendants' duty and thereby to defeat the plaintiff's claim and to pretermit the defendants' affirmative defenses. The Breeden dissent, 562 So.2d at 161-62, supports this analysis of the majority rationale. Had the Breeden Court deemed the particular hazard in that case to be open and obvious as a matter of law, the only logical course consistent with the law governing the defendants' duty would have been for the Court to have affirmed the summary judgment in favor of the defendants on the ground of the absence of a duty to remedy or to warn and for the Court to have pretermitted any discussion of the defendants' affirmative defenses of contributory negligence and assumption of risk.