PARKER, Justice.
Andrew Barnwell appeals a summary judgment entered by the Calhoun Circuit Court (“the circuit court”) in favor of CLP Corporation (“CLP”).
Facts and Procedural History
CLP owns and operates a McDonald’s fast-food restaurant (“the restaurant”). The following facts are derived from Barn-well’s deposition testimony. On April 25, 2013, Barnwell visited the restaurant. *239 Barnwell stated that after he entered the restaurant, he went straight to the restroom to wash his hands. Barnwell’s deposition testimony explains what happened next:
,. “[Barnwell:] I just come out and started walking straight back and the door— the entrance door would be on my left and the counter would be on the right.
“[CLP’s trial counsel:] What happened after that?
“[Barnwell:] I had—I was going to turn and go to the counter, I planted ray-left foot. When I did, it just kind, of slipped out from under me sort of side-, ways and I went back down on my left hip and pushed myself just kind of all one motion, just down and hit and then back up.
“[CLP’s trial counsel:] I’m going to walk through what we just talked about. You’re coming out of the restroom and you’re going to make a right turn to head towards the counter?
“[Barnwell:] Yes.
[CLP’s trial counsel:] I take it you’re headed to the counter. Were you going to order?
“[Barnwell:] Yes.
“[CLP’s trial counsel:-] And you plant your left foot?
“[Barnwell:] Right.
“[CLP’s trial counsel:] What happens immediately after you plant your- left foot?
“[Barnwell:] It slides away from me.
“[CLP’s trial counsel:] And you’re indicating it went out sideways?
“[Barnwell:] Yes.
“[CLP’s trial counsel:] And that it went out from underneath you?
“[Barnwell:] Yes.
“[CLP’s trial counsel:] What happens after the left foot comes out from underneath you?
“[Barnwell:] I just go down that way and kind of hit on my hip sort of turned like that and then I stuck my hands and pushed myself and I got back up.
“[CLP’s trial counsel:] So your left foot goes out from underneath you?
“[Barnwell:] Right.
“[CLP’s trial counsel:] You fall to the ground?
“[Barnwell:] Right, and I’m trying to put my hand out.
“[CLP’s trial counsel:] You’re indicating when you’re falling to the ground you put your hand out to catch you?
“[Barnwell:] Yes.
“[CLP’s trial counsel:] Was it just one of your hands or both?
“[Barnwell:] Just one.
“[CLP’s trial counsel:] Your left hand?
' “[Barnwell:] Right.
“[CLP’s trial counsel:] Do you catch yourself with your left hand?
“[Barnwell:] I maké impact and I’m kind' of trying to push up when I hit.
“[CLP’s trial counsel:] I think you had also said, does your left hip make contact with the ground?
“[Barnwell:] Right.
“[CLP’s trial counsel:] You go to the ground, you tried to brace the fall with your; left hand, made contact with your left hip, what is the next thing you do after, that?
- “[Barnwell:] I started pushing- myself up.
“[CLP’s trial counsel:] How long would you say you were on the ground?
“[Barnwell:] Instantly back up.
“[CLP’s trial counsel:] What happens after you’re able to get yourself back ' up?
“[Barnwell:] I just .stand there. I’m sort of addled. I know you may not know what that word means.
“[CLP’s trial counsel:] I’m with you..
“[Barnwell:] Kind of shook up.
*240 “[CLP’s trial counsel:] You stand-dn the spot where you had fallen a minute ago?.
“[Barnwell:] Yes.
“[CLP’s trial counsel:] How long would you say you just kind of stood there?
“[Barnwell:] I don’t know.
“[CLP’s trial counsel:] What happens after you’re able to get your bearings?
“[Barnwell:] I head to the counter.”
Barnwell’s deposition testimony states that, once he arrived at the counter, there were a couple of people ahead of him in line; Barnwell waited to place his order. Barnwell’s deposition testimony indicates that, once he reached the front of the line and was asked for his order, he was not able to order because he was “just sort of disillusioned.” Barnwell .stated that the cashier asked him if he was “okay.” Barn-well indicated that he responded in the affirmative to the cashier’s question by nodding his head. Barnwell then left the restaurant without ordering.
CLP presented as evidence two digital files containing surveillance-video footage taken from two different cameras in the restaurant. The surveillance-video cameras recorded two different, but partially overlapping, parts of the restaurant. The surveillance-video footage from both cameras is a simultaneous recording of the same time. It is-evident from pictures included in the record that the surveillance-video cameras did not capture the entirety of the interior of the restaurant. Specifically, the surveillance-video cameras did not provide footage of the area of the restaurant immediately outside the restroom Barnwell was exiting. The surveillance-video footage from that date and time shows several employees and patrons. The surveillance-video foothge from one. of the cameras shows an employee mopping the floor immediately in front of the counter at which restaurant patrons placed their orders; the employee placed a warning sign in the area he had mopped indicating that the floor was wet. The surveillance-video footage from both cameras does not include footage of anyone slipping and falling to the floor of the restaurant. Apparently, Barnwell appears in the surveillance-video footage; however, there is no affidavit testimony accompanying the surveillance-video footage to explain its contents, and it is unclear which of the people appearing in the surveillance-video footage is Barnwell. The surveillance-video footage from one of the cameras does show a patron slipping on the recently mopped floor in the restaurant in front of the counter; that person is apparently Barnwell.
After viewing the surveillance-video footage, Barnwell submitted an affidavit, which states, in pertinent part:
“Those clips do not show the slip and fall, which I believe primarily caused my injuries, but where I again slipped as I was going to get in line at the counter. I did not actually fall that time. The accident where I did slip and fall was blocked from the view of those two cameras.”
Barnwell’s affidavit further states he “slipped and fell right after [he] came out of the restroom, and before reaching the area shown by those [surveillance] videos.” Barnwell also attached as an exhibit to his affidavit a photograph of the area of the restaurant immediately outside the restroom. The photograph of the area immediately outside the restroom shows that, upon exiting the restroom, Barnwell would have had to have made a right turn in order to walk toward the counter. .After reaching the front of the restaurant, Barn-well would have had to have made another right turn to approach the counter.
After leaving the restaurant, Barnwell got in his vehicle, in which his girlfriend, Jerri Ann Dulaney, was waiting, and drove *241 away from the restaurant. Barnwell’s deposition testimony indicates that, at this point, he was experiencing pain in his back and left leg. As he was driving, Barnwell began “hurting worse and worse.” Dulaney convinced Barnwell to return to the restaurant to speak with the manager, Sheila D’Anna, about the incident. Barnwell agreed. Dulaney spoke with D’Anna, and, according to Barnwell’s and Dulaney’s deposition testimony, D’Anna told Dulaney that she had witnessed Barnwell fall. Barnwell stated that D’Anna filled out a written report detailing Barnwell’s fall.' Dulaney’s affidavit testimony also indicates that D’Anna filled out an accident report detailing Barnwell’s fall.
After leaving the restaurant the second time, Barnwell and Dulaney went to an emergency room seeking medical treatment for Barnwell’s alleged injuries.
On May 9, 2014, Barnwell sued CLP, asserting a claim of negligence. On the same day, Barnwell also served on CLP interrogatories and requests for the production of certain documents. Of particular relevance are the following interrogatories:
“4. Have you or anyone acting on your behalf or on the behalf of [CLP] interviewed any individual concerning the incident? If so, for each individual, state their name, address, telephone number, date of the interview and the name address and telephone number of the person conducting the interview.
[[Image here]]
“6. Was a report made by any person concerning the incident? If so, state the name, title, identification number and employer of the person who made the report along with the date and type of report and who the report was made for.
“7. Did you or anyone acting on your behalf cause an investigation to be conducted at any time in connection with the incident? If so, please state date and location of each investigation along with who conducted the investigation and if a report was made from said investigation.”
Also relevant to this appeal, Barnwell requested the following documents:
“1. Any and all photographs both prior to and subsequent to [Barnwell’s] injury-incident which depict the area where [Barnwell] alleges he slipped and fell on the floor of [the restaurant] on or about the 25th day.of April, 2013, in Oxford, Alabama.
[[Image here]]
“3. Any and all reports and docu- ■ ments taken or prepared by [CLP] regarding [Barnwell’s] slip., and fall incident.”
On October 1, 2014, Barnwell filed a motion objecting to certain of CLP’s responses to Barnwell’s interrogatories and requesting that the circuit court compel CLP to comply with Barnwell’s discovery requests. Specifically, Barnwell requested that the circuit court compel CLP to answer interrogatories' 4, 6,’ and 7 and to produce the discovery sought in requests for production 1 and 3.
On May 16, '2016, the circuit court entered an order setting the matter for trial on September 12, 2016. On June 22, 2016, Barnwell “noticed the depositions of the [restaurant] manager ... and employees of the [restaurant] at issue.”
On June 23,2016, CLP filed a motion’for a summary judgment. CLP argued that Barnwell’s testimony should not be considered by the circuit court because, CLP argued, it is false. CLP argued that the surveillance-video footage definitively proves that Barnwell did not slip and fall in the restaurant. Based on its request that Barnwell’s deposition testimony not be considered, CLP argued that Barnwell had failed to present any evidence, let *242 alone substantial evidence, to support the allegations in his complaint. CLP alternatively argued that, even-if Barnwell did slip and fall, the danger of the wet floor in front of the counter where, CLP argued, Barnwell slipped and fell was open and obvious.
On June 29, 2016, Barnwell filed a second motion to compel discovery before the circuit court conducted a hearing or ruled on CLP’s summary-judgment motion. Specifically, Barnwell requested that the circuit court “compel [CLP] to permit the previously requested depositions of its store manager and employee witnesses.” On June 30, 2016, CLP filed a response to BarnwelFs motion to- compel. CLP argued that it had already: prepared for the-trial scheduled for September 12, 2016, and argued. “that essentially starting discovery from scratch would unfairly prejudice [CLP] as [it] would be force[d] to incur significant cost in defending multiple depo-sitionsj responding to additional discovery, and re-preparing for trial.”
.On July 7, 2016, the circuit court entered an order denying Barnwell’s October 1, 2014, motion to compel. On July 11, 2016, the circuit court entered an order denying Barnwell’s June 29, 2016, motion to compel.
On August 12, 2016, CLP filed a motion to strike portions of Barnwell’s deposition testimony and the entirety of Barnwell’s affidavit testimony. CLP argued that Barnwell’s deposition testimony conflicted with his affidavit testimony. CLP argued that Barnwell did not mention during his deposition testimony the fact that, after he slipped and fell near the restroom, he later slipped, but did not fall, near the counter. As a result, CLP argued, Barnwell offered conflicting , testimony, which, it says, must be disregarded.
On August 25, 2016, the circuit court granted CLP’s summary-judgment motion. The circuit court specifically stated that it had considered “all the evidence.”' Barn-well appealed. We reverse and remand.
Standard of Review
Our standard of review of a summary judgment is well settled:
“ ‘The standard of review applicable to a summary judgment is the same as the standard for granting the motion..., ’ McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992).
“‘A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the non-moving party must present “substantial evidence” creating a genuine issue of material fact—“evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala. Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).’
“Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala. 1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala. 2004).”
*243 Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala. 2006).
Discussion
CLP made two arguments in support of its summary-judgment motion. First, CLP argued that the circuit court should ignore the deposition and affidavit testimony of Barnwell, which, it says, is the only direct evidence in the record concerning Barn-well’s alleged slip and fall, based on the alleged inconsistencies between them. Second, CLP argued that, assuming Barnwell did slip and fall as he alleged, the dangerous condition was open and obvious.
The circuit court rejected CLP’s argument that Barnwell’s deposition and affidavit testimony not be considered. CLP argued below that Barnwell’s deposition and affidavit testimony is the only evidence supporting Barnwell’s allegation ‘ that he slipped and fell in the restaurant. Of course, if that evidence were not considered by the circuit court, there would be no evidence supporting the allegations in Barnwell’s complaint and, thus, CLP would be entitled to a summary judgment in its favor. See Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 926 (Ala. 2002)(holding that a defendant is entitled to a summary judgment if' a plaintiff fails to present any evidence in support of his claim). CLP filed a motion to strike Barn-well’s deposition and affidavit testimony. The circuit court did not enter an order specifically denying CLP’s motion to strike. However, in entering its summary judgment in favor of CLP, the circuit court specifically stated that it had considered all the evidence before it. The circuit court clearly did not find CLP’s argument convincing. Therefore, we conclude that the circuit court did not enter its summary judgment in favor of CLP on the basis that Barnwell failed to present any evidence in support of his claim against CLP.
Accordingly, the circuit court must have granted OLP’s. summary-judgment motion based on CLP’s argument that the water on the floor in front of the counter, on which Barnwell allegedly slipped and which allegedly caused him to fall, was an open and obvious danger. This Court set forth the following applicable law in determining whether a condition on a premises presents an open and obvious danger:
“The liability of a premises owner to an invitee is well settled. , .
' “ Tn a premises-liability setting, we use an objective standard to assess whether a hazard is open and obvious. As discussed in Sessions [v. Nonnenmann, 842 So.2d 649 (Ala. 2002)], the question is whether the danger should have been observed, not whether in fact it was consciously appreciated:
“*“[I]n order for a defendant-invitor in a premises-liability case to win a summary judgment, or a judgment as a matter of law grounded on the absence of a duty on the invitor to eliminate open and obvious hazards or to warn the invitee about them, the record need not contain undisputed evidence that the' plaintiff-invitee consciously appreciated the danger at the moment of the mishap. While Breeden [v. Hardy Corp., 562 So.2d 159 (Ala. 1990)], does recite that ‘[a]U ordinary risks present are assumed 'by the invitee,’ 562 So.2d at 160, this recitation cannot mean that the invitor’s’ duty before' a mishap is determined by the invitee’s subjective state of mind at the moment of the mishap, This Court has expressly rejected. the notion that an invitor owes a duty to eliminate open and obvious, hazards or to warn the invitee about them if the invitor ‘should *244 anticipate the harm despite such knowledge or obviousness.’ Ex parte Gold Kist, Inc., 686 So.2d 260, 261 (Ala. 1996) ....”
“ ‘842 So.2d at 653-54 (some emphasis added).’
“Jones Food Co. v. Shipman, 981 So.2d 355, 362-63 (Ala. 2006). Similarly, this Court has stated that ‘“[t]he owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee’s part.” ’ [Ex parte] Mountain Top Indoor Flea Market, 699 So.2d [158,] 161 [(Ala. 1997)] (quoting Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala. 1980), citing in turn Tice v. Tice, 361 So.2d 1051 (Ala. 1978)). The test for determining whether a hazard is open and obvious “ ‘is an objective one.’ ” ’ Id. (quoting Hines v. Hardy, 567 So.2d 1283, 1284 (Ala. 1990), quoting in turn Restatement (Second) of Torts § 343A (1965)).”
Dolgencorp, Inc. v. Taylor, 28 So.3d 737, 741-42 (Ala. 2009). Further, we note that
“[t]he question whether a danger is open and obvious is generally one of fact. Harris v. Flagstar Enterprises, Inc., 685 So.2d 760, 762-63 (Ala. Civ. App. 1996). ‘[T]he plaintiffs appreciation of the danger is, almost always, á question of fact for the, determination of the jury.’ F.W. Woolworth Co. v. Bradbury, 273 Ala. 392, 394, 140 So.2d 824, 825-26 (1962).”
Howard v. Andy’s Store for Men, 757 So.2d 1208, 1211 (Ala. Civ. App. 2000).
.CLP’s argument that the condition that allegedly caused Barnwell, .to fall “was open and obvious is an affirmative defense, for which [CLP] bears the ultimate burden of proof.” Dolgencorp, 28 So.3d at 742 (citing Horne v. Gregerson’s Foods, Inc., 849 So.2d 173, 176 (Ala. Civ. App. 2002), citing in turn Ex parte Neese, 819 So.2d 584 (Ala. 2001), and Furgerson v. Dresser Indus., Inc., 438 So.2d 732, 734 (Ala. 1983)). See also Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1194 (Ala. 2002)(stating that “[an invitor’s] argument that the condition that caused [an invitee’s] fall was open and obvious is an affirmative defense, on which [the invitor] bears the ultimate burden of proof’). ,
CLP argued below, and argues on appeal, that the allegedly open and obvious danger that caused Barnwell’s fall was the water on the floor of the restaurant in front of the counter left by the employee’s mopping of the area. However, the affidavit testimony of Barnwell makes clear that he alleges that he did not slip on water near the counter, but on “a slick spot” outside the restroom. Barnwell’s affidavit also states that D’Anna told him “the floor was greasy there.” CLP has not offered any evidence indicating that the “slick spot” outside the restroom upon which Barnwell alleges he slipped was an open and obvious danger. Neither has CLP presented any evidence indicating that an employee of the restaurant had recently mopped the area of the restaurant immediately outside the restroom. In fact, the only evidence presented by CLP indicates that the area outside the restroom had not been mopped immediately before Barnwell alleges that he slipped and fell. Therefore, because CLP has not offered any evidence, let alone substantial evidence, indicating that the “slick spot” upon which Barnwell claims to have slipped was an open and obvious danger, the circuit court erred in entering a summary judgment on this ground.
We note that, although CLP does not offer any evidence concerning whether the “slick spot” Barnwell allegedly slipped on was an open and obvious danger, CLP does argue that Barnwell is lying when he claims to have slipped on “a slick spot” outside the restroom and fallen instead of slipping on the water near the counter. The entire basis of CLP’s argument is that *245 the surveillance-video footage proves that Barnwell is lying because the surveillance-video footage does not show Barnwell slipping and falling, but it does show him slipping. However, CLP has not offered any explanation of the fact that the surveillance-video cameras do not include footage of the area of the restaurant outside the restroom where Barnwell alleges to have slipped and fallen.
Regardless, CLP argues that “[t]he court may not consider deposition or affidavit testimony that directly contradicts earlier deposition or affidavit testimony without adequate explanation,” McGough v. G & A, Inc,, 999 So.2d 898, 904 (Ala. 2007). CLP argues that Barnwell’s later affidavit testimony directly contradicts his earlier deposition testimony. Specifically, CLP directs this Court’s attention to the following deposition testimony of Barnwell:
“[CLP’s trial counsel:] After you wash your hands in the restroom, what happens after that?
“[Barnwell:] I just come out and started walking straight back and the door— the entrance door would be on my left and the counter would be on the right.
“[CLP’s trial counsel:] What happened after that?
“[Barnwell:] I had—I was going to turn and go to the counter, I planted my left foot. When I did, it just kind of slipped out from, under me sort of sideways and I went back down on my left hip and pushed myself just kind of all one motion, just down and hit and then back up.
“[CLP’s trial counsel:] I’m going to walk through what we just talked about. You’re coming out of the restroom and you’re going to make a right turn to head towards the counter?
“[Barnwell:] Yes.”
CLP argues that this portion of Barnwell’s deposition testimony directly contradicts Barnwell’s affidavit testimony in which Barnwell states that - he fell outside the restroom. We do not find CLP’s argument convincing.
Barnwell’s deposition testimony indicates that he slipped and fell at some point after he exited the restroom and before he arrived at the counter. Barn-well’s deposition testimony indicates that he slipped while making a right turn. As" set forth above, it would have been necessary for Barnwell to make two right turns to get to the counter from the restroom. First, Barnwell would have had to have made a right turn upon exiting the restroom and, second, Barnwell would have had to have made another right' turn, after walking a few feet away from the restroom, to approach the counter. Barnwell was generally heading toward the counter in making both right turns. The above-quoted deposition testimony of Barnwell could be read as indicating that Barnwell fell while making either, right turn. Nothing in Barnwell’s deposition testimony indicates exactly where he allegedly fell. CLP’s trial .attorney did not ask Barnwell during his deposition where exactly in the restaurant he fell; Barnwell’s deposition, testimony leaves this fact ambiguous.
CLP also notes that the surveillance-video footage shows an individual slipping on the water from the mopping of the floor near the counter. As noted above, there is no evidence explaining the contents of the surveillance-video footage. Regardless, for purposes of this appeal, we will assume that the individual who slips on the water near the counter on the surveillance-video footage is Barnwell. CLP notes that, assuming Barnwell did fall outside the restroom, Barnwell never mentioned this “second slip” in his deposition testimony. According to CLP, this alone proves that Barnwell is lying in his affidavit testimony when Barnwell explains that he fell outside the restroom and not near- *246 the counter. We do not find this argument convincing. Barnwell stated in his deposition testimony that he was “addled” and “disillusioned” after his alleged slip and fall. It is plausible that as a result Barn-well simply did not remember the “second slip”
Finally, CLP takes issue with- a portion of Barnwell’s deposition testimony in which Barnwell states that “the.lady at the cash register” saw him fall. CLP argues that photographs of the restaurant show that there is a wall between the counter, where the cash registers are located, and the restroom. CLP argues that it would have been impossible for “the lady at the cash register” to have seen Barnwell fall if' he fell outside the restroom. CLP fails to mention, however, that a photograph in evidence shows that the wall between the counter and the restroom does not reach all the way to the ceiling. There is a cutout in the wall that allows employees working behind the counter to see the area near’ the outside of the restroom, although not the area immediately outside the restroom. Further, Barnwell’s deposition testimony does not indicate that “the lady at the cash register” saw him fall while she was working at the cash register-.' CLP’s argument is not convincing.
As did the circuit court, we will also consider Barnwell’s deposition and affidavit testimony. Doing so and viewing the evidence in a light most favorable to-Barn-well, the nonmovant, we do. not conclude that Barnwell’s later affidavit testimony directly contradicts his earlier deposition testimony so as to be irreconcilable.
Conclusion
Based on the foregoing, we hold that the circuit court erred in entering a summary judgment in favor' of CLP. CLP failed to present substantial evidence supporting its affirmative defense that the condition that’ allegedly caused Barnwell to slip and fall was an open and obvious danger. Accordingly, we reverse the circuit court’s judgment and remand the matter for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, Murdock, Main, and Wise, JJ., concur.