BRYAN, Justice.
Andre Barnwell, the plaintiff below, appeals from a summary judgment entered in favor of CLP Corporation ("CLP"), the defendant below. This is the second time these parties have been before this Court. In Barnwell v. CLP Corp., 235 So.3d 238 (Ala. 2017), we reversed a summary judgment entered in favor of CLP and remanded the case. Because in the first appeal we decided in favor of Barnwell the dispositive issues presented by the current appeal, we again reverse and remand.
As we noted in our first opinion involving these parties, CLP owns and operates a McDonald's fast-food restaurant ("the restaurant"). Barnwell sued CLP, alleging that he was injured when he slipped and fell in the restaurant. CLP moved for a summary judgment, arguing that the alleged fall was caused by an open and obvious danger and that part of Barnwell's testimony about the alleged fall was unreliable and should not be considered. CLP also filed a motion to strike Barnwell's affidavit and part of his earlier deposition. In that motion, CLP argued that Barnwell's affidavit testimony conflicted with his deposition testimony. CLP also argued that part of Barnwell's deposition testimony regarding the accident is contradicted by photographs showing the interior of the restaurant. In August 2016, the circuit court entered an order granting CLP's motion for a summary judgment, without stating a reason. The circuit court did not enter an order indicating a ruling on CLP's motion to strike.
Barnwell appealed to this Court, and we reversed the summary judgment and remanded the case. Early in our analysis, we considered whether the circuit court had considered Barnwell's affidavit and full deposition in ruling on CLP's summary-judgment motion. As noted, CLP had filed a motion to strike Barnwell's affidavit and part of his deposition. We stated: "The circuit court did not enter an order specifically denying CLP's motion to strike. However, in entering its summary judgment in favor of CLP, the circuit court specifically stated that it had considered all the evidence before it. The circuit court clearly did not find CLP's argument [for striking the evidence] convincing." Barnwell, 235 So.3d at 243.
Thus, in the first appeal, we determined that the circuit court had considered Barnwell's affidavit and full deposition in ruling on the summary-judgment motion. We later addressed whether the circuit court's consideration of that evidence was proper, i.e., whether that evidence was admissible. See, e.g., Tanksley v. ProSoft Automation, Inc., 982 So.2d 1046, 1053 (Ala. 2007) (stating *843 that evidence submitted in opposition to a summary-judgment motion must be admissible and refusing to consider, on de novo review of a summary judgment, inadmissible evidence the circuit court should have struck before it ruled on the summary-judgment motion). That determination was key, because the disputed evidence was crucial to Barnwell's attempt to withstand the summary-judgment motion. As we will discuss in more detail below, we determined that the disputed evidence was properly before the circuit court. Based on the evidence that the circuit court properly had before it, i.e., Barnwell's affidavit and full deposition, and its indication in the summary-judgment order that it had considered "all the evidence" before it, we concluded that the circuit court had erred in entering a summary judgment in favor of CLP, and we reversed the summary judgment and remanded the case. More specifically, Barnwell's affidavit and his full deposition provided evidence supporting Barnwell's claim, thus precluding a summary judgment on the ground that such evidence was lacking, and CLP had not presented any evidence establishing that the dangerous condition that allegedly caused the fall was open and obvious.
After we remanded the case, CLP filed a renewed motion to strike Barnwell's affidavit and part of his deposition. The renewed motion to strike presents the same substantive grounds as did the original motion to strike, but there is one difference between the two motions. In the renewed motion to strike, CLP contended that the circuit court, in considering the original motion to strike at a hearing before the entry of the first summary judgment, actually had ruled from the bench that the motion to strike was due to be granted. As noted, before the first appeal, the circuit court had never entered an order ruling on the original motion to strike. In the renewed motion to strike, CLP asked the circuit court to grant the motion to strike "for a second time" and to enter an order to that effect. CLP also filed a renewed summary-judgment motion that is substantively the same as CLP's original summary-judgment motion. Barnwell responded to the renewed motion to strike and the renewed summary-judgment motion, arguing that this Court had already decided the issues raised by those filings.
The circuit court subsequently entered an order granting CLP's renewed motion to strike. The circuit court struck Barnwell's affidavit and parts of his deposition because the circuit court concluded that they conflicted with each other. On the same day the circuit court granted the motion to strike, the circuit court entered a summary judgment in favor of CLP, stating, in pertinent part:
"During the original hearing on [CLP's] Motion for Summary Judgment and Motion to Strike held on August 15, 2016, this Court ruled that [Barnwell's] affidavit and certain [deposition] testimony were due to be stricken from the record, and summary judgment was due to be granted for [CLP]. This Court entered an order granting [CLP's] Summary Judgment. However, this Court did not enter a separate order granting [CLP's] Motion to Strike, although this Court ruled from the bench that the Motion to Strike was due to be granted.
"Upon detailed review of the Supreme Court's opinion [reversing the first summary judgment], it is ... this Court's opinion that the Supreme Court was unaware of this Court's decision to grant [CLP's] Motion to Strike. ...
"Despite relying on the misunderstanding that this Court [had] denied [CLP's] Motion to Strike, the Supreme Court opined, 'Of course, if [Barnwell's *844 affidavit and deposition] were not considered by the circuit court, there would be no evidence supporting the allegations in Barnwell's complaint and, thus, CLP would be entitled to a summary judgment in its favor.' This Court clarifies that it in fact granted [CLP's] prior Motion to Strike. As such, it appears to this Court, based the Supreme Court's Opinion, that had [the Supreme Court] been informed of this Court's prior decision to grant [CLP's] Motion to Strike, CLP would be entitled to summary judgment.
"[CLP's] Renewed Motion to Strike has been granted. Subsequently, [Barnwell] has once again failed to present sufficient evidence to overcome [CLP's] Renewed Motion for Summary Judgment."
Following the denial of his postjudgment motion, Barnwell once again appealed to this Court.
Essentially, the only difference in this case as it is now postured and the case as it was postured for the first appeal is that the circuit court has now informed this Court that it orally granted CLP's motion to strike at the hearing held before the first summary judgment was entered. There was no indication in the record of the first appeal that the circuit court had orally granted the motion to strike. Conversely, we determined that the record actually indicated that the circuit court had considered the evidence CLP sought to strike, noting that the first summary-judgment order stated that the circuit court had considered "all the evidence." 235 So.3d at 243. In this appeal, Barnwell does not seem to object to the circuit court's clarifying that it had denied the motion to strike his affidavit and full deposition. Barnwell argues, however, that the circuit court erred by striking that evidence. That is, he argues that the stricken evidence is admissible and that, in light of that evidence, a summary judgment should not have been entered against him. As we will discuss in detail below, these are issues that were resolved in the first appeal
We first address the circuit court's reliance on remand on a statement we made in our opinion in the first appeal. In the second summary judgment entered on remand, the circuit court noted that in our first opinion we stated: "Of course, if [Barnwell's affidavit and deposition] were not considered by the circuit court, there would be no evidence supporting the allegations in Barnwell's complaint and, thus, CLP would be entitled to a summary judgment in its favor." 235 So.3d at 243. That statement, however, must be read in the context of the entire opinion. When this Court made that statement, it was attempting to pinpoint the circuit court's rationale for entering the first summary judgment. In response to the grounds CLP asserted in the first summary-judgment motion, the circuit court may have entered a summary judgment on the ground either (1) that it was disregarding Barnwell's affidavit and deposition, leaving no evidence to support Barnwell's claim, or (2) that the dangerous condition that caused the alleged fall was open and obvious. In that context, we did say that if the circuit court did not consider Barnwell's affidavit and deposition in ruling on the summary-judgment motion, there would be no evidence supporting Barnwell's claim and, "thus, CLP would be entitled to a summary judgment in its favor." 235 So.3d at 243. But that statement did not end the discussion because, regardless of whether the circuit court actually had considered the evidence, the question remained whether the circuit court properly considered or properly failed to consider the evidence. Barnwell argued that the evidence CLP sought to strike is admissible and thus was properly before the circuit *845 court, and CLP argued the opposite. We spent a good part of our analysis in the first appeal discussing that issue.
In the current appeal, the parties mostly reiterate the same arguments they made in the first appeal. This is unsurprising because, as noted, we discussed in the opinion in the first appeal the key issue in this appeal: Whether the circuit court should have considered Barnwell's affidavit and full deposition. As the first opinion indicates, the admissibility of that evidence is crucial; if that evidence is properly before the circuit court, summary judgment is inappropriate. We thoroughly discussed this issue in the first opinion, and we repeat our discussion here, beginning with a recitation of the evidence:
"The following facts are derived from Barnwell's deposition testimony. On April 25, 2013, Barnwell visited the restaurant. Barnwell stated that after he entered the restaurant, he went straight to the restroom to wash his hands. Barnwell's deposition testimony explains what happened next:
" '[Barnwell:] I just come out and started walking straight back and the door-the entrance door would be on my left and the counter would be on the right.
" '[CLP's trial counsel:] What happened after that?
" '[Barnwell:] I had-I was going to turn and go to the counter, I planted my left foot. When I did, it just kind of slipped out from under me sort of sideways and I went back down on my left hip and pushed myself just kind of all one motion, just down and hit and then back up.
" '[CLP's trial counsel:] I'm going to walk through what we just talked about. You're coming out of the restroom and you're going to make a right turn to head towards the counter?
" '[Barnwell:] Yes.
" '[CLP's trial counsel:] I take it you're headed to the counter. Were you going to order?
" '[Barnwell:] Yes.
" '[CLP's trial counsel:] And you plant your left foot?
" '[Barnwell:] Right.
" '[CLP's trial counsel:] What happens immediately after you plant your left foot?
" '[Barnwell:] It slides away from me.
" '[CLP's trial counsel:] And you're indicating it went out sideways?
" '[Barnwell:] Yes.
" '[CLP's trial counsel:] And that it went out from underneath you?
" '[Barnwell:] Yes.
" '[CLP's trial counsel:] What happens after the left foot comes out from underneath you?
" '[Barnwell:] I just go down that way and kind of hit on my hip sort of turned like that and then I stuck my hands and pushed myself and I got back up.
" '[CLP's trial counsel:] So your left foot goes out from underneath you?
" '[Barnwell:] Right.
" '[CLP's trial counsel:] You fall to the ground?
" '[Barnwell:] Right, and I'm trying to put my hand out.
" '[Barnwell:] Yes.
" '[CLP's trial counsel:] You're indicating when you're falling to the ground you put your hand out to catch you?
" '[CLP's trial counsel:] Was it just one of your hands or both?
" '[Barnwell:] Just one.
*846 " '[CLP's trial counsel:] Your left hand?
" '[Barnwell:] Right.
" '[CLP's trial counsel:] Do you catch yourself with your left hand?
" '[Barnwell:] I make impact and I'm kind of trying to push up when I hit.
" '[CLP's trial counsel:] I think you had also said, does your left hip make contact with the ground?
" '[Barnwell:] Right.
" '[CLP's trial counsel:] You go to the ground, you tried to brace the fall with your left hand, made contact with your left hip, what is the next thing you do after that?
" '[Barnwell:] I started pushing myself up.
" '[CLP's trial counsel:] How long would you say you were on the ground?
" '[Barnwell:] Instantly back up.
" '[CLP's trial counsel:] What happens after you're able to get yourself back up?
" '[Barnwell:] I just stand there. I'm sort of addled. I know you may not know what that word means.
" '[CLP's trial counsel:] I'm with you.
" '[Barnwell:] Kind of shook up.
" '[CLP's trial counsel:] You stand in the spot where you had fallen a minute ago?
" '[Barnwell:] Yes.
" '[CLP's trial counsel:] How long would you say you just kind of stood there?
" '[Barnwell:] I don't know.
" '[CLP's trial counsel:] What happens after you're able to get your bearings?
" '[Barnwell:] I head to the counter.'
"Barnwell's deposition testimony states that, once he arrived at the counter, there were a couple of people ahead of him in line; Barnwell waited to place his order. Barnwell's deposition testimony indicates that, once he reached the front of the line and was asked for his order, he was not able to order because he was 'just sort of disillusioned.' Barnwell stated that the cashier asked him if he was 'okay.' Barnwell indicated that he responded in the affirmative to the cashier's question by nodding his head. Barnwell then left the restaurant without ordering.
"CLP presented as evidence two digital files containing surveillance-video footage taken from two different cameras in the restaurant. The surveillance-video cameras recorded two different, but partially overlapping, parts of the restaurant. The surveillance-video footage from both cameras is a simultaneous recording of the same time. It is evident from pictures included in the record that the surveillance-video cameras did not capture the entirety of the interior of the restaurant. Specifically, the surveillance-video cameras did not provide footage of the area of the restaurant immediately outside the restroom Barnwell was exiting. The surveillance-video footage from that date and time shows several employees and patrons. The surveillance-video footage from one of the cameras shows an employee mopping the floor immediately in front of the counter at which restaurant patrons placed their orders; the employee placed a warning sign in the area he had mopped indicating that the floor was wet. The surveillance-video footage from both cameras does not include footage of anyone slipping and falling to the floor of the restaurant. Apparently, Barnwell appears in the surveillance-video footage;
*847 however, there is no affidavit testimony accompanying the surveillance-video footage to explain its contents, and it is unclear which of the people appearing in the surveillance-video footage is Barnwell. The surveillance-video footage from one of the cameras does show a patron slipping on the recently mopped floor in the restaurant in front of the counter; that person is apparently Barnwell.
"After viewing the surveillance-video footage, Barnwell submitted an affidavit, which states, in pertinent part:
" 'Those clips do not show the slip and fall, which I believe primarily caused my injuries, but where I again slipped as I was going to get in line at the counter. I did not actually fall that time. The accident where I did slip and fall was blocked from the view of those two cameras.'
"Barnwell's affidavit further states he 'slipped and fell right after [he] came out of the restroom, and before reaching the area shown by those [surveillance] videos.' Barnwell also attached as an exhibit to his affidavit a photograph of the area of the restaurant immediately outside the restroom. The photograph of the area immediately outside the restroom shows that, upon exiting the restroom, Barnwell would have had to have made a right turn in order to walk toward the counter. After reaching the front of the restaurant, Barnwell would have had to have made another right turn to approach the counter.
"After leaving the restaurant, Barnwell got in his vehicle, in which his girlfriend, Jerri Ann Dulaney, was waiting, and drove away from the restaurant. Barnwell's deposition testimony indicates that, at this point, he was experiencing pain in his back and left leg. As he was driving, Barnwell began 'hurting worse and worse.' Dulaney convinced Barnwell to return to the restaurant to speak with the manager, Sheila D'Anna, about the incident. Barnwell agreed. Dulaney spoke with D'Anna, and, according to Barnwell's and Dulaney's deposition testimony, D'Anna told Dulaney that she had witnessed Barnwell fall. Barnwell stated that D'Anna filled out a written report detailing Barnwell's fall. Dulaney's affidavit testimony also indicates that D'Anna filled out an accident report detailing Barnwell's fall."
235 So.3d at 238-41.
After summarizing the proceedings below, we stated the standard of review:
" ' "The standard of review applicable to a summary judgment is the same as the standard for granting the motion...." McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992).
" ' "A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact-'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably *848 infer the existence of the fact sought to be proved.' Ala. Code 1975, § 12-21-12 ; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
" ' Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala. 1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala. 2004).'
" Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala. 2006)."
235 So.3d at 242-43.
As noted, we then began our discussion by attempting to determine the ground upon which the circuit court had entered its first summary judgment. After concluding that the circuit court had not entered the summary judgment on the ground that it had disregarded Barnwell's affidavit and deposition, leaving no evidence to support Barnwell's claim (which we now know was not the case), we concluded that the court must have entered the first summary judgment on the ground that the alleged slip and fall was caused by an open and obvious danger, i.e., water on the floor. 235 So.3d at 243. We discussed CLP's argument that the alleged dangerous condition was open and obvious, and we concluded that the evidence did not support that affirmative defense. We then addressed arguments regarding whether Barnwell's affidavit and full deposition were properly before the circuit court. Barnwell argued that the disputed evidence was admissible and properly before the circuit court; CLP argued that it was not. We stated:
"CLP argues that '[t]he court may not consider deposition or affidavit testimony that directly contradicts earlier deposition or affidavit testimony without adequate explanation.' McGough v. G & A, Inc., 999 So.2d 898, 904 (Ala. Civ. App. 2007). CLP argues that Barnwell's later affidavit testimony directly contradicts his earlier deposition testimony. Specifically, CLP directs this Court's attention to the following deposition testimony of Barnwell:
" '[CLP's trial counsel:] After you wash your hands in the restroom, what happens after that?
" '[Barnwell:] I just come out and started walking straight back and the door-the entrance door would be on my left and the counter would be on the right.
" '[CLP's trial counsel:] What happened after that?
" '[Barnwell:] I had-I was going to turn and go to the counter, I planted my left foot. When I did, it just kind of slipped out from under me sort of sideways and I went back down on my left hip and pushed myself just kind of all one motion, just down and hit and then back up.
" '[CLP's trial counsel:] I'm going to walk through what we just talked about. You're coming out of the restroom and you're going to make a right turn to head towards the counter?
" '[Barnwell:] Yes.'
"CLP argues that this portion of Barnwell's deposition testimony directly contradicts Barnwell's affidavit testimony in which Barnwell states that he fell outside the restroom. We do not find CLP's argument convincing.
"Barnwell's deposition testimony indicates that he slipped and fell at some point after he exited the restroom and before he arrived at the counter. Barnwell's deposition testimony indicates that he slipped while making a right turn. As set forth above, it would have been necessary for Barnwell to make two right turns to get to the counter from the restroom. First, Barnwell would have *849 had to have made a right turn upon exiting the restroom and, second, Barnwell would have had to have made another right turn, after walking a few feet away from the restroom, to approach the counter. Barnwell was generally heading toward the counter in making both right turns. The above-quoted deposition testimony of Barnwell could be read as indicating that Barnwell fell while making either right turn. Nothing in Barnwell's deposition testimony indicates exactly where he allegedly fell. CLP's trial attorney did not ask Barnwell during his deposition where exactly in the restaurant he fell; Barnwell's deposition testimony leaves this fact ambiguous.
"CLP also notes that the surveillance-video footage shows an individual slipping on the water from the mopping of the floor near the counter. As noted above, there is no evidence explaining the contents of the surveillance-video footage. Regardless, for purposes of this appeal, we will assume that the individual who slips on the water near the counter on the surveillance-video footage is Barnwell. CLP notes that, assuming Barnwell did fall outside the restroom, Barnwell never mentioned this 'second slip' in his deposition testimony. According to CLP, this alone proves that Barnwell is lying in his affidavit testimony when Barnwell explains that he fell outside the restroom and not near the counter. We do not find this argument convincing. Barnwell stated in his deposition testimony that he was 'addled' and 'disillusioned' after his alleged slip and fall. It is plausible that as a result Barnwell simply did not remember the 'second slip.'
"Finally, CLP takes issue with a portion of Barnwell's deposition testimony in which Barnwell states that 'the lady at the cash register' saw him fall. CLP argues that photographs of the restaurant show that there is a wall between the counter, where the cash registers are located, and the restroom. CLP argues that it would have been impossible for 'the lady at the cash register' to have seen Barnwell fall if he fell outside the restroom. CLP fails to mention, however, that a photograph in evidence shows that the wall between the counter and the restroom does not reach all the way to the ceiling. There is a cutout in the wall that allows employees working behind the counter to see the area near the outside of the restroom, although not the area immediately outside the restroom. Further, Barnwell's deposition testimony does not indicate that 'the lady at the cash register' saw him fall while she was working at the cash register. CLP's argument is not convincing."
235 So.3d at 245-46.
The above analysis explains why Barnwell's affidavit and full deposition are admissible and thus were properly before the circuit court and should not have been struck. That was so in the first appeal, and it is so now. Of course, in the first appeal we believed that the circuit court had in fact considered the evidence, and we were addressing whether it was proper for that court to do so. We know now that the circuit court did not actually consider the evidence, but that does not change our analysis regarding the evidence. Substantively, the renewed motion to strike and the renewed summary-judgment motion filed after remand are the same as the original motion to strike and the original summary-judgment motion. The parties' arguments regarding the admissibility of the disputed evidence in the current appeal are mostly the same as the arguments the parties presented in the first appeal; the majority of the argument sections in the briefs in the current appeal are copied *850 verbatim from the briefs in the first appeal, while some other arguments are essentially the same but worded differently. Quite simply, we have already addressed the issues raised by those arguments and determined that Barnwell's affidavit and full deposition should have been considered by the circuit court.
Put another way, our determination on this matter is now the law of the case. " 'Under the law of the case doctrine, "[a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or which would have been resolved had they been properly presented in the first appeal." ' " Scrushy v. Tucker, 70 So.3d 289, 303-04 (Ala. 2011) (quoting Kortum v. Johnson, 786 N.W.2d 702, 705 (N.D. 2010), quoting in turn State ex rel. North Dakota Dep't of Labor v. Riemers, 779 N.W.2d 649 (N.D. 2010) (emphasis omitted) ) ). Application of the law-of-the-case doctrine is discretionary rather than mandatory, Ex parte Discount Foods, Inc., 789 So.2d 842, 846 n. 4 (Ala. 2001), and there are exceptions to the doctrine. For example, "[i]f ... an observation by the appellate court concerning an issue is premised on a particular set of facts, and the nature of the remand is such that it is permissible and appropriate to consider additional facts relevant to the issue, the law-of-the-case doctrine is inapplicable." Lyons v. Walker Reg'l Med. Ctr., 868 So.2d 1071, 1077 (Ala. 2003). Further, "the law-of-the-case doctrine may be disregarded if the court is convinced its prior decision was clearly erroneous or there has been an intervening change in the law." Belcher v. Queen, 39 So.3d 1023, 1038 (Ala. 2009). "The law-of-the-case doctrine also prevents consideration of an argument that could have been raised at the first appeal and is not made until a subsequent appeal." Green v. George's Farms, Inc., 2011 Ark. 70, 77, 378 S.W.3d 715, 720 (2011).
In this case, we see no reason to reopen our discussion regarding the admissibility of Barnwell's affidavit and full deposition. The evidence subject to review in the second appeal is the same as that in the first appeal. We note that, although most of CLP's arguments in this appeal were made in the first appeal, CLP briefly presents new arguments questioning the reliability of Barnwell's testimony. However, those arguments could have been raised in the first appeal but were not, and we will not further address them here.
Accordingly, we reverse the summary judgment, and we again remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, C.J., and Parker, Main, and Mendheim, JJ., concur.